CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

AUG 03 2011

JULIA C. DUDLEY, CLERK
BY: /s/ K. Botkin
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION
AUGUST 2011 SESSION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: 5:10-cr-15 |
| v. | |
| LORIE ANN TAYLOR KELLER, (counts 1-15) and NAKIA HEATH KELLER a/k/a "Nick" Keller (counts 1-16) | Title 18 U.S.C. § 371<br>Title 18 U.S.C. § 844(h)<br>Title 18 U.S.C. § 844(m)<br>Title 18 U.S.C. § 922(g)<br>Title 18 U.S.C. § 924(j)<br>Title 18 U.S.C. § 924(o)<br>Title 18 U.S.C. § 1512(a)(1)(C)<br>Title 18 U.S.C. § 1512(b)(3)<br>Title 18 U.S.C. § 1512(c)<br>Title 18 U.S.C. § 1512(k)<br>Title 18 U.S.C. § 2261 |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury Charges That:

### COUNT 1
(Conspiracy to Commit Interstate Domestic Violence - 18 U.S.C. § 371)

1.  Beginning in or about January 2009, and continuing to on or about October 23, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, combined, conspired, confederated and agreed together and with each other to commit an offense against the United States, to wit: to travel in interstate commerce, with the intent to kill, injure, harass, and intimidate Dennis Taylor, the former spouse of LORIE ANN TAYLOR KELLER, and as a result of such

travel, committed a crime of violence against Dennis Taylor that resulted in the death of Dennis Taylor, in violation of 18 U.S.C. § 2261.

2. It was part of the conspiracy that LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER:

   a. Engaged in substantial planning for the purpose of killing Dennis Taylor;

   b. Obtained a firearm for the purpose of killing Dennis Taylor; and,

   c. Traveled from Virginia to West Virginia for the purpose of killing Dennis Taylor.

3. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed:

   a. On a date uncertain, but prior to October 23, 2009, in Virginia, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, wrote a plan as to how they intended to kill Dennis Taylor.

   b. On or about April 18, 2009, in Virginia, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, purchased a 9mm semi-automatic pistol.

   c. On or about August 31, 2009, in West Virginia, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, engaged in target practice using a 9mm semi-automatic pistol.

   d. In or about August 2009, in Virginia, LORIE ANN TAYLOR KELLER asked an individual known to the grand jury and identified here as Person 1 to take photographs secretly of all the rooms in Dennis Taylor's residence.

   e. On or about October 23, 2009, in Virginia, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, left Virginia and traveled to

West Virginia.

f.  On or about October 23, 2009, in West Virginia, the defendants, LORIE ANN TAYLOR KELLER, and NAKIA HEATH KELLER, drove to the residence of Dennis Taylor, Allaina Whetzel Taylor and Kaylee Whetzel.

g.  On or about October 23, 2009, in West Virginia, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, killed Dennis Taylor.

h.  On or about October 23, 2009, in West Virginia, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, killed Allaina Whetzel Taylor.

i.  On or about October 23, 2009, in West Virginia, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, killed Kaylee Whetzel.

4. All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(Conspiracy to Carry and Use a Firearm in Relation to a Crime of Violence –
18 U.S.C. § 924(o))

1. Beginning in or about January 2009, and continuing to on or about October 23, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, combined, conspired, confederated and agreed together and with each other to knowingly carry and use a firearm in furtherance of a crime of violence that may be prosecuted in a court of the United States, as set forth in Counts 1, 3, 7, 9, and 11, which are incorporated by reference herein.

2. All in violation of Title 18, United States Code, Sections 924(o).

## COUNT 3
(Conspiracy to Kill Witnesses – 18 U.S.C. § 1512(k))

1. Beginning in or about January 2009, and continuing to on or about October 23, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, combined, conspired, confederated and agreed together and with each other to kill another person with the intent to prevent the communication by any person to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, in violation of 18 U.S.C. § 1512(a)(1)(C).

2. In furtherance of the conspiracy the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, did unlawfully kill Allaina Whetzel Taylor and did unlawfully kill Kaylee Whetzel with malice aforethought with intent to prevent the communication by such persons to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, to wit: interstate domestic violence, in violation of 18 U.S.C. § 2261, which killings are murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did kill Allaina Whetzel Taylor and Kaylee Whetzel by shooting each with a firearm willfully, deliberately, maliciously, and with premeditation.

3. All in violation of Title 18, United States Code, Section 1512(k).

## COUNT 4
(Conspiracy to Tamper with Witnesses – 18 U.S.C. § 1512(k))

1. Beginning in or about January 2009, and continuing to on or about December 31, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, combined, conspired, confederated and agreed together and with each other:

   a. to corruptly persuade another person with the intent to cause and induce any person to withhold testimony, a record, document, and other object, from an official proceeding, in violation of 18 U.S.C. § 1512(b)(2)(A); and,

   b. to corruptly persuade another person with the intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a federal offense, to wit: interstate domestic violence, in violation of 18 U.S.C. § 2261, and, killing of witnesses, in violation of 18 U.S.C. § 1512(a)(1)(C), in violation of 18 U.S.C. § 1512(b)(3).

2. In furtherance of the conspiracy the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, concocted a false alibi and enlisted the aid of another person in an attempt to substantiate the false alibi by asking such other person to tell anyone that asked that LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER had been at home the entire evening of October 23, 2009, when in truth and in fact LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER had not been at home the entire evening of October 23, 2009.

3. All in violation of Title 18, United States Code, Section 1512(k).

## COUNT 5
(Conspiracy to Tamper with Evidence – 18 U.S.C. § 1512(k))

1. Beginning in or about January 2009, and continuing to on or about December 31, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, combined, conspired, confederated and agreed together and with each other to corruptly alter, destroy, mutilate, and conceal a record, document, or other object, with the intent to impair the object's integrity and availability for use in an official proceeding, in violation of 18 U.S.C. § 1512(c)(1);

2. In furtherance of the conspiracy the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, destroyed and attempted to destroy evidence of the murders of Dennis Taylor, Allaina Whetzel Taylor, and Kaylee Whetzel.

3. All in violation of Title 18, United States Code, Section 1512(k).


## COUNT 6
(Conspiracy to Use Fire to Commit a Felony – 18 U.S.C. § 844(m))

1. From in or about January 2009 to on or about October 23, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, combined, conspired, confederated and agreed together and with each other to use fire to commit a felony which may be prosecuted in a court of the United States, to wit: evidence tampering, in violation of 18 U.S.C. § 1512(c)(1).

2. All in violation of Title 18, United States Code, Section 844(m).

## COUNT 7
(Interstate Domestic Violence – 18 U.S.C. § 2261(a)(1))

1. On or about October 23, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, as principals and as aiders and abettors, traveled in interstate commerce, specifically between Virginia and West Virginia, with the intent to kill, injure, harass, and intimidate Dennis Taylor, the former spouse of LORIE ANN TAYLOR KELLER, and as a result of such travel, committed a crime of violence against Dennis Taylor that resulted in the death of Dennis Taylor.

2. All in violation of Title 18, United States Code, Sections 2261(a)(1), 2261(b)(1) and 2.

## COUNT 8
(Carry and Use a Firearm in Relation to a Crime of Violence –
Interstate Domestic Violence –
18 U.S.C. §§ 924(c) and 924(j)(1))

1. On or about October 23, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, as principals and as aiders and abettors, did knowingly carry and use a firearm, that is, a Bryco, Jennings 9mm pistol, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: interstate domestic violence, as set forth in Count 7 of this indictment which is realleged and incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Dennis Taylor by shooting him with a

firearm willfully, deliberately, maliciously, and with premeditation.

2.  All in violation of Title 18, United States Code, Sections 924(c)(1), 924(j)(1) and 2.

### COUNT 9
(Murdering a Witness – Allaina Whetzel Taylor –
18 U.S.C. § 1512(a)(1)(C))

1.  On or about October 23, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, as principals and as aiders and abettors, did kill Allaina Whetzel Taylor by shooting her with a firearm, with the intent to prevent the communication by Allaina Whetzel Taylor to a law enforcement officer of the United States of information relating to the commission of a Federal offense, as set forth in Counts 1, 2, 7 and 8, which are incorporated by reference herein, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Allaina Whetzel Taylor by shooting her a the firearm willfully, deliberately, maliciously, and with premeditation.

2.  All in violation of Title 18, United States Code, Sections 1512(a)(1)(C) and 2.

### COUNT 10
(Use of a Firearm in Relation to a Crime of Violence –
Murder of Witness Allaina Whetzel Taylor –
18 U.S.C. §§ 924(c) and 924(j)(1))

1.  On or about October 23, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, as principals and as aiders and abettors, did knowingly carry and use a firearm, that is, a Bryco, Jennings 9mm pistol, during and in relation to a crime of violence for which they

may be prosecuted in a court of the United States, to wit: killing a witness, as set forth in Count 9 of this indictment which is realleged and incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Allaina Whetzel Taylor by shooting her with a firearm willfully, deliberately, maliciously, and with premeditation.

2. All in violation of Title 18, United States Code, Sections 924(c)(1), 924(j)(1) and 2.

### COUNT 11
(Murdering a Witness – Kaylee Whetzel –
18 U.S.C. § 1512(a)(1)(C))

1. On or about October 23, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, as principals and as aiders and abettors, did kill Kaylee Whetzel by shooting her with a firearm, with the intent to prevent the communication by Kaylee Whetzel to a law enforcement officer of the United States of information relating to the commission of a Federal offense, as set forth in Counts 1, 2, 3, 7, 8, 9 and 10, which are incorporated by reference herein, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Kaylee Whetzel by shooting her with a firearm willfully, deliberately, maliciously, and with premeditation.

2. All in violation of Title 18, United States Code, Sections 1512(a)(1)(C) and 2.

# COUNT 12
(Use of a Firearm in Relation to a Crime of Violence –
Murder of Witness Kaylee Whetzel –
18 U.S.C. §§ 924(c) and 924(j)(1))

1. On or about October 23, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, as principals and as aiders and abettors, did knowingly carry and use a firearm, that is, a Bryco, Jennings 9mm pistol, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: killing a witness as set forth in Count 11 of this indictment which is realleged and incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Kaylee Whetzel by shooting her with a firearm willfully, deliberately, maliciously, and with premeditation.

2. All in violation of Title 18, United States Code, Sections 924(c)(1), 924(j)(1) and 2.

# COUNT 13
(Tamper with Witnesses – Persons 1-3 –
18 U.S.C. § 1512(b)(3))

1. From on or about October 23, 2009, to on or about October 26, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, as principals and as aiders and abettors, did knowingly corruptly persuade and attempt to corruptly persuade individuals known to the grand jury and identified here as Person 1, Person 2, and Person 3 with the intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of

information relating to the commission or possible commission of a federal offense, as set forth in Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15 and 16 which are incorporated by reference herein.

2. All in violation of Title 18, United States Code, Sections 1512(b)(3) and 2.

## COUNT 14
(Tamper with Evidence – 18 U.S.C. § 1512(c))

1. From on or about October 23, 2009, to on or about October 26, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER, and NAKIA HEATH KELLER, as principals and as aiders and abettors, did corruptly alter, destroy, mutilate, and conceal a record, document, and object, namely, evidence of the killings of Dennis Taylor, Allaina Taylor Whetzel, and Kaylee Whetzel, with the intent to impair the object's integrity and availability for use in an official proceeding, specifically, a federal grand jury investigation and trial of LORIE ANN TAYLOR KELLER, and NAKIA HEATH KELLER.

2. All in violation of Title 18, United States Code, Sections 1512(c) and 2.

## COUNT 15
(Use of Fire During the Commission of a Felony – 18 U.S.C. § 844(h))

1. On or about the October 23, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER, and NAKIA HEATH KELLER, as principals and as aiders and abettors, knowingly used fire to commit evidence tampering, in violation of 18 U.S.C. § 1512(c)(1), a felony prosecutable in a court of the United States.

2. All in violation of Title 18, United States Code, Sections 844(h) and 2.

### COUNT 16
(Felon in Possession of a Firearm – 18 U.S.C. § 922(g)(1))

1. From on or about April 18, 2009, to on or about October 23, 2009, in the Western District of Virginia, the defendant, NAKIA HEATH KELLER, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, that is, a Bryco, Jennings 9mm pistol, said firearm having been shipped and transported in interstate commerce.

2. All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

### NOTICE OF SPECIAL FINDINGS AS TO LORIE ANN TAYLOR KELLER

1. The allegations contained in Counts 3, 8, 9, 10, 11, and 12 are realleged as if fully set forth herein and incorporated by reference.

2. Pursuant to the provisions of Title 18, United States Code, Sections 3591 and 3592, the defendant, LORIE ANN TAYLOR KELLER, in the commission of Counts 3, 8, 9, 10, 11, and 12 of the Indictment:

   a. Was 18 years of age or older at the time of the offenses. (18 U.S.C. § 3591(a));

   b. With regards to Count 3 of the indictment, the defendant, LORIE ANN TAYLOR KELLER,

      i. Intentionally killed the victim. (18 U.S.C. § 3591(a)(2)(A));

      ii. Intentionally inflicted serious bodily injury that resulted in the death of the

victim. (18 U.S.C. § 3591(a)(2)(B));

 iii. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(C));

 iv. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(D));

 v. Committed the offense after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592(c)(9));

 vi. Committed the offense against a victim, five-year-old Kaylee Whetzel, who was particularly vulnerable due to youth. (18 U.S.C. § 3592(c)(11)); and

 vii. Intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592(c)(16)).

c. With regards to Count 8 of the indictment, the defendant, LORIE ANN TAYLOR KELLER,

 i. Intentionally killed the victim. (18 U.S.C. § 3591(a)(2)(A));

 ii. Intentionally inflicted serious bodily injury that resulted in the death of the victim. (18 U.S.C. § 3591(a)(2)(B));

 iii. Intentionally participated in an act, contemplating that the life of a person

would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(C));

    iv. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(D));

    v. Committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value. (18 U.S.C. § 3592(c)(8));

    vi. Committed the offense after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592(c)(9)); and,

    vii. Intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592(c)(16)).

d. With regards to Counts 9 and 10 of the indictment, the defendant, LORIE ANN TAYLOR KELLER,

    i. Intentionally killed the victim. (18 U.S.C. § 3591(a)(2)(A));

    ii. Intentionally inflicted serious bodily injury that resulted in the death of the victim. (18 U.S.C. § 3591(a)(2)(B));

    iii. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the

victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(C));

    iv. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(D));

    v. Committed the offenses after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592(c)(9)); and,

    vi. Intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592(c)(16)).

e. With regards to Counts 11 and 12 of the indictment, the defendant, LORIE ANN TAYLOR KELLER,

    i. Intentionally killed the victim. (18 U.S.C. § 3591(a)(2)(A));

    ii. Intentionally inflicted serious bodily injury that resulted in the death of the victim. (18 U.S.C. § 3591(a)(2)(B));

    iii. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(C));

    iv. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a result of the act.

(18 U.S.C. § 3591(a)(2)(D));

 v. Committed the offense after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592(c)(9));

 vi. Committed the offense against a victim, five-year-old Kaylee Whetzel, who was particularly vulnerable due to youth. (18 U.S.C. § 3592(c)(11)); and,

 vii. Intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592(c)(16)).

### NOTICE OF SPECIAL FINDINGS AS TO NAKIA HEATH KELLER

1. The allegations contained in Counts 3, 8, 9, 10, 11, and 12 are realleged as if fully set forth herein and incorporated by reference.

2. Pursuant to the provisions of Title 18, United States Code, Sections 3591 and 3592, the defendant, NAKIA HEATH KELLER, in the commission of Counts 3, 8, 9, 10, 11, and 12 of the Indictment:

 a. Was 18 years of age or older at the time of the offenses. (18 U.S.C. § 3591(a));

 b. With regards to Count 3 of the indictment, the defendant, NAKIA HEATH KELLER,

  i. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(C));

  ii. Intentionally and specifically engaged in an act of violence, knowing that

the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(D));

    iii. Committed the offense after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592(c)(9));

    iv. Committed the offense against a victim, five-year-old Kaylee Whetzel, who was particularly vulnerable due to youth. (18 U.S.C. § 3592(c)(11)); and

    v. Intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592(c)(16)).

c. With regards to Count 8 of the indictment, the defendant, NAKIA HEATH KELLER,

    i. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(C));

    ii. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(D));

    iii. Committed the offense after substantial planning and premeditation to

cause the death of a person. (18 U.S.C. § 3592(c)(9)); and,

  iv. Intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592(c)(16)).

d. With regards to Count 9 and 10 of the indictment, the defendant, NAKIA HEATH KELLER,

  i. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(C));

  ii. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(D));

  iii. Committed the offenses after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592(c)(9)); and,

  iv. Intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592(c)(16)).

e. With regards to Counts 11 and 12 of the indictment, the defendant, NAKIA HEATH KELLER,

  i. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the

victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(C));

ii. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(D));

iii. Committed the offense after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592(c)(9));

iv. Committed the offense against a victim, five-year-old Kaylee Whetzel, who was particularly vulnerable due to youth. (18 U.S.C. § 3592(c)(11)); and,

v. Intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592(c)(16)).

A TRUE BILL, this 3 day of August, 2011.

FOREPERSON

TIMOTHY J. HEAPHY
UNITED STATES ATTORNEY