IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. <u>5:10CR15</u> |
| | : |
| NAKIA HEATH KELLER | : |

**PLEA AGREEMENT**

I have agreed to enter into a plea agreement with the United States of America, pursuant to <u>Rule 11(c)(1)(C)</u> of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

### A. <u>CHARGE(S) TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS</u>

#### 1. <u>The Charges and Potential Punishment</u>

My attorney has informed me of the nature of the charge(s) and the elements of the charge(s) that must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I will enter a plea of guilty to Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, and 16 of the Indictment.

Count 1 charges me with conspiring to travel in interstate commerce, with the intent to kill, injure, harass, and intimidate Dennis Taylor, the former spouse of Lorie Ann Taylor Keller, and as a result of such travel, committed a crime of violence against Dennis Taylor that resulted in the death of Dennis Taylor, in violation of 18 U.S.C. § 371. The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of 5 years, plus a term of supervised release.

Count 2 charges me with conspiring to knowingly carry and use a firearm in furtherance of a crime of violence that may be prosecuted in a court of the United States, in violation of 18 U.S.C. § 924(o). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of 20 years, plus a term of supervised release.

*Defendant's Initials:* ___

Count 3 charges me with conspiring to kill another person with the intent to prevent the communication by any person to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, in violation of 18 U.S.C. § 1512(k). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of Life or Death, plus a term of supervised release.

Count 4 charges me with conspiring to corruptly persuade another person with the intent to cause and induce any person to withhold testimony, a record, document, and other object, from an official proceeding, and to corruptly persuade another person with the intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a federal offense, in violation of 18 U.S.C. § 1512(k). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of 20 years, plus a term of supervised release.

Count 5 charges me with conspiring to corruptly alter, destroy, mutilate, and conceal a record, document, or other object, with the intent to impair the object's integrity and availability for use in an official proceeding, in violation of 18 U.S.C. § 1512(k). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of 20 years, plus a term of supervised release.

Count 6 charges me with conspiring to use fire to commit a felony which may be prosecuted in a court of the United States, in violation of 18 U.S.C. § 844(m). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of 20 years, plus a term of supervised release.

Count 7 charges me with traveling interstate with the intent to kill Dennis Taylor, the former spouse of Lorie Ann Taylor Keller, and the commission of a crime of violence against Dennis Taylor and as a result of such travel, committed a crime of violence against Dennis Taylor that resulted in the death of Dennis Taylor, in violation of 18 U.S.C. § 2261(a)(1). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of Life, plus a term of supervised release.

Count 8 charges me with using and carrying a firearm during and in relation to a crime of violence, the murder of Dennis Taylor, in violation of 18 U.S.C. §§ 924(c) and 924(j). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of Life or Death, plus a term of supervised release.

Count 9 charges me with murdering Allaina Whetzel Taylor to prevent her

*Defendant's Initials:*

attendance and testimony in an official proceeding and to prevent her from communicating to a law enforcement officer of the United States information relating to the commission of a federal offense, in violation of 18 U.S.C. § 1512(a)(1)(C). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of Life or Death, plus a term of supervised release. There is a mandatory minimum sentence of imprisonment for Life.

Count 10 charges me with using and carrying a firearm during and in relation to a crime of violence, the murder of Allaina Whetzel Taylor, in violation of 18 U.S.C. §§ 924(c) and 924(j). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of Life or Death, plus a term of supervised release.

Count 13 charges me with corruptly persuading and attempting to corruptly persuade certain individuals with the intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a federal offense, in violation of 18 U.S.C. § 1512(b)(3). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of 20 years, plus a term of supervised release.

Count 14 charges me with corruptly altering, destroying, mutilating, and concealing a record, document, and object with the intent to impair the object's integrity and availability for use in an official proceeding, in violation of 18 U.S.C. § 1512(c). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of 20 years, plus a term of supervised release.

Count 15 charges me with knowingly using fire to commit a felony prosecutable in a court of the United States, in violation of 18 U.S.C. § 844(h). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of 10 years, plus a term of supervised release. There is a mandatory minimum sentence of imprisonment for 10 years that must be served consecutively to any other term of imprisonment.

Count 16 charges me with knowingly possessing in and affecting interstate commerce a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of 10 years, plus a term of supervised release.

I understand restitution may be ordered, my assets may be subject to forfeiture, and fees may be imposed to pay for incarceration and supervised release. In addition, a

*Defendant's Initials:* ₦ ⱧK

$100 special assessment, pursuant to 18 U.S.C. § 3013, will be imposed per felony count of conviction.

I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises.

## 2. Waiver of Constitutional Rights Upon a Plea of Guilty

I acknowledge I have had all of my rights explained to me and I expressly recognize I have the following constitutional rights and, by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

a. The right to plead not guilty and persist in that plea;
b. The right to a speedy and public jury trial;
c. The right to assistance of counsel at that trial and in any subsequent appeal;
d. The right to remain silent at trial;
e. The right to testify at trial;
f. The right to confront and cross-examine witnesses called by the government;
g. The right to present evidence and witnesses in my own behalf;
h. The right to compulsory process of the court;
i. The right to compel the attendance of witnesses at trial;
j. The right to be presumed innocent;
k. The right to a unanimous guilty verdict; and
l. The right to appeal a guilty verdict.

## 3. Dismissal of Counts

If I comply with my obligations under the plea agreement, the United States will move, at sentencing, that I be dismissed as a defendant in any remaining count(s). I stipulate and agree the United States had probable cause to bring all the counts in the Indictment which are being dismissed under this agreement, these charges were not frivolous, vexatious or in bad faith, and I am not a "prevailing party" with regard to these charges. I further waive any claim for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## B. SENTENCING PROVISIONS

### 1. General Matters

The United States and I have agreed that I will be sentenced to the maximum term of imprisonment for each count that I am pleading guilty.

*Defendant's Initials:* NHK

The United States and I have agreed that all other sentencing matters, including, but not limited to, restitution, and fines are left to the court's discretion.

I understand that pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure the Court may either accept or reject this plea agreement in its entirety. I understand I will be allowed to withdraw my plea of guilty if the Court rejects this plea agreement.

I understand that I will spend the rest of my life in prison and I will not be eligible for parole during any term of imprisonment imposed.

## 2. Monetary Obligations

### a. Special Assessments, Fines and Restitution

I understand persons convicted of crimes are required to pay a mandatory assessment of $100.00 per felony count of conviction. I agree I will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" for the total amount due for mandatory assessments prior to entering my plea of guilty.

I agree to pay restitution for the entire scope of my criminal conduct, including, but not limited to, all matters included as relevant conduct. In addition, I agree to pay any restitution required by law, including, but not limited to, amounts due pursuant to 18 USC §§ 2259, 3663, and/or 3663A. I understand and agree a requirement I pay restitution for all of the above-stated matters will be imposed upon me as part of any final judgment in this matter.

I further agree to make good faith efforts toward payment of all mandatory assessments, restitution and fines, with whatever means I have at my disposal. I agree failure to do so will constitute a violation of this agreement. I will execute any documents necessary to release the funds I have in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward the mandatory assessments, restitution and fines imposed in my case.

I fully understand restitution and forfeiture are separate financial obligations which may be imposed upon a criminal defendant. I further understand there is a process within the Department of Justice whereby, in certain circumstances, forfeited funds may be applied to restitution obligations. I understand no one has made any promises to me that such a process will result in a decrease in my restitution obligations in this case.

*Defendant's Initials:* _NHK_

I understand and agree, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for by statute. I understand if the Court imposes a schedule of payments, that schedule is only a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

I agree to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

Regardless of whether or not the Court specifically directs participation or imposes a schedule of payments, I agree to fully participate in inmate employment under any available or recommended programs operated by the Bureau of Prisons.

I agree any payments made by me shall be applied fully to the non-joint and several portion of my outstanding restitution balance until the non-joint and several portion of restitution is paid in full, unless the Court determines that to do so would cause a hardship to a victim of the offense(s).

b. **Duty to Make Financial Disclosures**

I understand in this case there is a possibility substantial fines and/or restitution may be imposed. In order to assist the United States as to any recommendation and in any necessary collection of those sums, I agree, if requested by the United States, to provide a complete and truthful financial statement to the United States Attorney's Office, within 30 days of the request or 3 days prior to sentencing, whichever is earlier, detailing all income, expenditures, assets, liabilities, gifts and conveyances by myself, my spouse and my dependent children and any corporation, partnership or other entity in which I hold or have held an interest, for the period starting on January 1st of the year prior to the year my offense began and continuing through the date of the statement. This financial statement shall be submitted in a form acceptable to the United States Attorney's office.

From the time of the signing of this agreement or the date I sign the financial statement, whichever is earlier, I agree not to convey anything of value to any person without the authorization of the United States Attorney's Office. I agree to take and pass a polygraph examination conducted by a qualified law enforcement examiner selected by the United States Attorney's Office, if requested to do so, concerning the accuracy of my financial statement.

*Defendant's Initials:* ___

### c. Understanding of Collection Matters

I understand:

1. as part of the judgment in this case I will be ordered to pay one or more monetary obligations;
2. payment should be made as ordered by the Court;
3. I must mail payments, by cashier's check or money order, payable to the "Clerk, U.S. District Court" to: Post Office Box 1234, Roanoke, VA 24006-1234; and include my name and court number on the check or money order;
4. interest (unless waived by the Court) and penalties must be imposed for late or missed payments;
5. the United States may file liens on my real and personal property that will remain in place until monetary obligations are paid in full, or until liens expire (the later of 20 years from date of sentencing or release from incarceration);
6. if I retain counsel to represent me regarding the United States' efforts to collect any of my monetary obligations, I will immediately notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my legal representation; and
7. I, or my attorney if an attorney will represent me regarding collection of monetary obligations, can contact the U.S. Attorney's Office's Financial Litigation Unit at 540/857-2259.

## C. ADDITIONAL MATTERS

### 1. Waiver of Right to Appeal

Knowing that I have a right of direct appeal of my sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, I expressly waive the right to appeal my sentence on those grounds or on any ground. In addition, I hereby waive my right of appeal as to any and all other issues in this matter and agree I will not file a notice of appeal. I am knowingly and voluntarily waiving any right to appeal. By signing this agreement, I am explicitly and irrevocably directing my attorney not to file a notice of appeal. *Notwithstanding any other language to the contrary, I am not waiving my right to appeal or to have my attorney file a notice of appeal, as to any issue which cannot be waived, by law.* I understand the United States expressly reserves all of its rights to appeal. **I agree and understand if I file any court document (except for an appeal based on an issue that cannot be waived, by law, or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case such action shall constitute a failure to comply with a provision of this agreement.**

### 2. Waiver of Right to Collaterally Attack

*Defendant's Initials:* NJK

I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agree I will not file any document which seeks to disturb any such order, unless such filing is based on ineffective assistance of counsel. **I agree and understand that if I file any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case, such action shall constitute a failure to comply with a provision of this agreement.**

### 3. Information Access Waiver

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

### 4. Waiver of Witness Fee

I agree to waive all rights, claims or interest in any witness fee I may be eligible to receive pursuant to 28 U.S.C. § 1821, for my appearance at any Grand Jury, witness conference or court proceeding.

### 5. Abandonment of Seized Items

By signing this plea agreement, I hereby abandon my interest in, and consent to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another provision of this plea agreement. I further waive any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

### 6. Additional Obligations

I agree not to commit any of the following acts:

- attempt to withdraw my guilty plea;
- deny I committed any crime to which I have pled guilty;
- make or adopt any arguments or objections to the presentence report that are inconsistent with this plea agreement;

*Defendant's Initials:* NHK

- obstruct justice;
- fail to comply with any provision of this plea agreement;
- commit any other crime;
- make a false statement;
- fail to enter my plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court;

### D. REMEDIES AVAILABLE TO THE UNITED STATES

I hereby stipulate and agree that the United States Attorney's office may, at its election, pursue any or all of the following remedies if I fail to comply with any provision of this agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any dismissed charges; (d) file new charges; (f) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (g) take any other action provided for under this agreement or by statute, regulation or court rule.

In addition, I agree if, for any reason, my conviction is set aside, or I fail to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation. I hereby waive my right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information against me concerning any such charges. I also hereby waive any statute of limitations defense as to any such charges.

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate my obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

### E. GENERAL PROVISIONS

#### 1. Limitation of Agreement

This agreement only binds the United States Attorney's Office for the Western District of Virginia. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute me for any offense(s) committed within

*Defendant's Initials:*

their respective jurisdictions.

## 2. Effect of My Signature

I understand my signature on this agreement constitutes a binding offer by me to enter into this agreement. I understand the United States has not accepted my offer until it signs the agreement and the Attorney General has approved such agreement.

## 3. Effective Representation

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am fully satisfied with my attorney and my attorney's advice. At this time, I have no dissatisfaction or complaint with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation.

## 4. Final Matters

I understand I will have no right to withdraw my guilty plea if the court accepts this plea agreement.

I understand the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case.

I understand the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I willingly stipulate there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which I am pleading guilty.

I understand this agreement does not apply to any crimes or charges not addressed in this agreement. I understand if I should testify falsely in this or in a related proceeding I may be prosecuted for perjury and statements I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

*Defendant's Initials:* ＿＿＿＿＿

I understand my attorney will be free to argue any mitigating factors on my behalf; to the extent they are not inconsistent with the terms of this agreement. I understand I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

I have consulted with my attorney and fully understand all my rights. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: 4-8-11

**Nakia Heath Keller, Defendant**

I have fully explained all rights available to my client with respect to the offenses listed in the pending charging document(s). I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

If I will continue to represent my client regarding the United States' efforts to collect any monetary obligations, I will notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my continued legal representation within 10 days of the entry of judgment in this case.

Date: 4/8/11

**Frederick Theodore Heblich, Jr. Esq.**
**Counsel for Defendant**

*Defendant's Initials:* NHK

Date: 1-5-12

Jeb Terrien
Assistant United States Attorney
Virginia State Bar No. 41959

Defendant's Initials: NHK