CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 1 3 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 5:10CR00015 |
| ) | (Civil Action No. 5:17CV81240) |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| NAKIA HEATH KELLER, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

The defendant, Nakia Heath Keller, was sentenced to three life terms plus 120 months' imprisonment after pleading guilty, pursuant to a plea agreement, to fourteen counts of a superseding indictment. The charges stemmed from Keller's involvement in the deaths of Dennis Taylor, the ex-husband of his codefendant, Lorie Ann Taylor Keller; Dennis Taylor's new wife, Allaina Taylor; and Allaina Taylor's five-year-old daughter from a previous marriage, Kaylee Whetzel. After his convictions were affirmed on direct appeal, Keller filed a motion to vacate under 28 U.S.C. § 2255. That motion was denied on November 7, 2014, and his subsequent appeal was dismissed on September 15, 2015.

The court has recently received a letter from the defendant challenging the legality of the restitution order entered in his case, pursuant to which he is required to pay $11,521.59 to Kaylee Whetzel's father for her funeral expenses. The defendant claims that the restitution order is unlawful, since he was not convicted of murdering the child.[*] The defendant also claims that he

---

[*] The defendant raised the same claim in his § 2255 motion. The court concluded that the claim was without merit. See United States v. Keller, 5:10CR00015 (W.D. Va. Nov. 7, 2014). On November 4, 2016, the court denied the defendant's motion for reconsideration.

was "illegally indicted" for aiding and abetting the commission of interstate domestic violence resulting in death, in violation of 18 U.S.C. §§ 2261 and 2, and that his plea of guilty to that charge was "illegal, involuntary, and . . . unknowing." Docket No. 353 at 2-3.

The court construes the defendant's letter as a second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, since the defendant challenges the legality of the imposed sentence. The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that a claim in the motion meets certain criteria. See 28 U.S.C. § 2255(h). Since the defendant has not submitted any evidence of having obtained that certification, the court will dismiss the motion without prejudice as successive. Additionally, because the defendant has not made a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 13ᵗʰ day of April, 2017.

_____
Chief United States District Judge