FILED: April 21, 2021

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-350
(5:10-cr-00015-GEC-PMS-2)
_____

In re: NAKIA HEATH KELLER,

          Movant.

_____

O R D E R
_____

Nakia Heath Keller moves under 28 U.S.C. §§ 2244, 2255(h) for authorization to file a successive 28 U.S.C. § 2255 motion. Upon review, we conclude that Keller has made a prima facie showing that the new rule of constitutional law announced in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), and determined to be retroactively applicable to cases on collateral review, *see In re Thomas*, 988 F.3d 783, 788-90 (4th Cir. 2021), may apply to his case. Accordingly, we grant authorization for Keller to file a successive § 2255 motion.

Entered at the direction of the panel: Judge Wilkinson, Judge King, and Judge Harris.

For the Court

/s/ Patricia S. Connor, Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
1100 East Main Street, Suite 501, Richmond, Virginia 23219

April 21, 2021

_____

NOTICE OF AUTHORIZATION

_____

No. 20-350,     In re: Nakia Keller
                5:10-cr-00015-GEC-PMS-2

TO: Parties and Counsel

The court has authorized a successive application for post-conviction relief in this case.

In accordance with Local Rule 22(d), the post-conviction application attached to the motion for authorization is being transferred to the district court with the order granting authorization. Any proposed amendment to the post-conviction application should be filed in the district court rather than in the court of appeals.

Emily Borneisen, Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No. 5:10-cr-00015** |
| ) | |
| **NAKIA KELLER** ) | |

**MOTION TO VACATE CONVICTION UNDER 28 U.S.C. § 2255**

Petitioner, Nakia Keller, through undersigned counsel, asks the Court to set aside the judgment in this case on Count 2, Count 8, and Count 10 pursuant to 28 U.S.C. § 2255.[1] As explained below, Mr. Keller's convictions on Count 2, Count 8 and Count 10 under 18 U.S.C. § 924(c) must be vacated in light of the Supreme Court's recent decision in *United States v. Davis,* 139 S.Ct. 2319 (2019).

**INTRODUCTION**

Mr. Keller pled guilty in 2015 to Conspiracy to Commit Interstate Domestic Violence, in violation of 18 U.S.C. § 1958(a) (Count One), Conspiracy to Use a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(o) (Count Two); Conspiracy to Kill Witnesses Resulting in Death, in violation of 18 U.S.C. § 1512(k) (Count Three); 18 U.S.C. § 1512(k); Conspiracy to Tamper with Witnesses and Evidence, in violation of 18 U.S.C. § 1512(k) and 1512(b)(3) (Counts Four and Five); Conspiracy to Use Fire to Commit a Felony 18 U.S.C. § 844(h)(1) and 844(m) (Count 6); Interstate Domestic Violence Resulting in Death 18 U.S.C. § 2261(a)(1) and 2261(b)(1) (Count 7); Carry and Use of a Firearm in Relation to a Crime of

---

[1] Counsel has simultaneously filed an Application for Leave to File a Successive Motion in the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3), requesting authorization for this Court to consider the present successive motion under 28 U.S.C. § 2255(h)(2).

1

Violence Resulting in Death 18 U.S.C. § 924(c) and 924(j)(1) (Count 8); Murdering a Witness 18 U.S.C. § 1512(a)(1) and 1111(b) (Count 9); Use of a Firearm in Relation to a Crime of Violence Resulting in Death 18 U.S.C. § 924(c) and 924(j)(1) (Count 10); Tampering with Witness and Evidence 18 U.S.C. § 1512(b)(3) and 1512(c) (Counts 13-14); Use of Fire During the Commission of a Felony Resulting in Death 18 U.S.C. § 844(h) (Count 15); Felon in Possession of a Firearm 18 U.S.C. § 922(g)(1) (Count 16).

On March 31, 2016, Mr. Keller was sentenced to three life consecutive life sentences, 60 months' imprisonment on Count 1, to run consecutive to 240 months' imprisonment on Counts 2, 4, 5, 6, 13 and 14 (which were grouped), a term of life imprisonment on Counts 3, 7 and 9, consecutive life sentences on Counts 8 and 10, and 120 months to be served consecutively to all other Counts on Count 15.

Notably, Mr. Keller pleaded guilty to three Counts of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c). The relevant portion of § 924(c) defining a "crime of violence" has two clauses. The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause. The other – § 924(c)(3)(B) – is commonly referred to as the residual clause. Because the Supreme Court in *Davis* held that the § 924(c) residual clause is unconstitutionally void in violation of the Due Process Clause, the offenses underlying Mr. Keller's convictions under this statute cannot qualify as a "crime of violence" under the § 924(c) residual clause.

For Count Two, the underlying "crime of violence" for the § 924(c) charge was included conspiracy to commit interstate domestic violence (Count 1) and conspiracy to kill witnesses (Count 3)  ECF 53. However, post-*Davis,* such conspiracy offenses categorically fail to qualify as a "crime of violence." For Count Eight, the underlying crime of violence is interstate domestic

violence, which cannot qualify as a crime of violence under the § 924(c) force clause, and is therefore void. For Count Ten, the underlying crime of violence is federal witness tampering resulting in murder, which also cannot qualify as a crime of violence under the § 924(c) force clause, and is therefore void.

As a result, Mr. Keller's § 924(c) convictions 1) violate the Due Process Clause and 2) violate the United States laws and results in a fundamental miscarriage of justice. Therefore, Mr. Keller is entitled to a vacatur of his unlawful § 924(c) convictions under 28 U.S.C. § 2255(a).

The proper remedy as a matter of procedure is to vacate Mr. Keller's sentence on all counts under the sentencing package doctrine and conduct a resentencing. *See Dean v. United States*, 137 S. Ct. 1170, 1176 (2017); *United States v. Smith*, 115 F.3d 241, 244 (4th Cir. 1997). As grounds for this motion, Mr. Keller states as follows:

## ARGUMENT

**I.      After *Davis*, Mr. Keller's convictions under 18 U.S.C. § 924(c) cannot be sustained**

Mr. Keller's § 924(c) convictions under Counts Two, Eight, and Ten for using a firearm during and in relation to a "crime of violence" is void because the "crime of violence" element cannot be satisfied for these offenses as the predicate offenses do not qualify as a "crime of violence" as a matter of law.

Under § 924(c)(3), "crime of violence" is defined as follows:

(3)     For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –
    (A)     has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
    (B)     that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause – § 924(c)(3)(A) – is the force clause. The other – § 924(c)(3)(B) – is the

3

residual clause. Because the Supreme Court in *Davis* held that the § 924(c) residual clause is unconstitutionally vague in violation of the Due Process Clause, Mr. Keller's § 924(c) convictions as to Counts Two, Eight, and Ten cannot be sustained under the § 924(c) residual clause.

Mr. Keller's convictions under § 924(c) should be vacated as the underlying conduct no longer meets the definition of a crime of violence. 18 U.S.C. § 924(c)(3) defines a crime of violence in two ways. The force clause is laid out in § 924(c)(3)(A) and defines a crime of violence as an offense that is a felony and "has *as an element* the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). By contrast, § 924(c)(3)(B), which was the "residual clause," defines a crime of violence as one that "*by its nature*, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). In *United States v. Davis*, 139 S.Ct. 2319 (2019), the Supreme Court held that the residual clause in § 924(c) is void for vagueness, noting that "this language, read in the way nearly everyone (including the government) has long understood it, provides no reliable way to determine which offenses qualify as crimes of violence." *Davis*, at 2324.

## **COUNT EIGHT**

Mr. Keller was charged and convicted of Interstate Domestic Violence in violation of 18 U.S.C. § 2261(a)(1), the predicate offense for Count 8. The only way that Count Eight can remain is if Mr. Keller's conviction fits the definition of a crime of violence that is laid out in the force clause. It does not. Interstate domestic violence is not a "crime of violence" under § 924(c)'s remaining force clause because it does not have as an element the use, attempted use, or threatened use of violent physical force. The relevant statute, 18 U.S.C. § 2261(a)(1), requires a showing that defendant 1)"travels in interstate or foreign commerce;" 2)with the intent to kill, injure, harass, or intimidate a

4

spouse, intimate partner, or dating partner; 3) and "in the course of or as a result of such travel or presence;" 4) commits or attempts to commit a *crime of violence* against that spouse, intimate partner, or dating partner." (emphasis added). In Count Eight of the Superseding Indictment, Mr. Keller's Interstate Domestic Violence predicate was described as follows:

> On or about October 23, 2009, in the Western District of Virginia and elsewhere, the defendants, LORIE ANN TAYLOR KELLER and NAKIA HEATH KELLER, as principals and as aiders and abettors, traveled in interstate commerce, specifically between Virginia and West Virginia, with the intent to kill, injure, harass, and intimidate Dennis Taylor, the former spouse of LORIE ANN TAYLOR KELLER, and as a result of such travel, committed a crime of violence against Dennis Taylor that resulted in the death of Dennis Taylor.

Notably, § 2261(a)(1) itself requires a predicate "crime of violence" to establish its commission, for which it incorporates the definition found in 18 U.S.C. § 16, which defines a crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, […]
>
> (b) or any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause of this definition is commonly referred to as the "force" or "elements" clause, and the second is commonly referred to as the "residual" clause. In *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018), the Court determined that the residual clause of this definition was impermissibly vague in violation of due process, similarly to its holding in *Davis*.

The Court held that like similarly worded residual clauses struck down in *Johnson II*, 135 S. Ct. at 2557, and *Sessions v. Dimaya*, ––– U.S. –––, 138 S. Ct. 1204, 1223, 200 L.Ed.2d 549 (2018), the 924(c) residual clause improperly required the sentencing judge's "estimation of the degree of risk posed by a crime's imagined 'ordinary case.'" *Davis*, 139 S. Ct. at 2325-26, 2336

5

To determine whether an offense qualifies as a crime of violence under Section 924(c)(3)(A), we apply the categorical approach or the modified categorical approach, depending on the nature of the offense. *Id.* The categorical approach focuses "on the *elements* of the prior offense rather than the *conduct* underlying the conviction." *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (citation omitted). Thus, we do not inquire "whether the defendant's conduct *could* support a conviction for a crime of violence" but instead inquire "whether the defendant was *in fact convicted* of a crime that qualifies as a crime of violence." *Id. at 38.*

*Dimaya* and *Davis* invalidated the residual clauses encompassed by § 2261 and § 924(c), respectively; hence, no offense can *ever* qualify as a "crime of violence" under those clauses. *See Davis*, 139 S. Ct. at 2323 ("In our constitutional order, a vague law is no law at all."); *see also Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) ("the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges").

In *Leocal v. Ashcroft,* the Supreme Court held that the 18 U.S.C. § 16 force clause [which is materially the same as the § 924(c) force clause] requires "a higher mens rea than [] merely accidental or negligent conduct." 543 U.S. 1, 11 (2004). The Fourth Circuit has confirmed and expanded that holding since then, explaining that it requires a higher degree of mens rea than recklessness or negligence. In fact, the Fourth Circuit has repeatedly held that the force clause requires that an offense have an element the *intentional* use of violent physical force.

Interstate domestic violence does not require as an element the use of strong physical force but itself relies on the incorporation of charged predicate crimes under 16(b). As this offense includes conduct such as the intent to "harass," which simply cannot meet the required showing of an intentional use of violent force. 18 U.S.C. § 2261(a)(1). The indictment in Mr. Keller's case fails to

6

identify specific crimes as these predicates, so these predicate crimes do not—*cannot*—supply the necessary force elements, either.

## COUNT TEN

Mr. Keller was charged and convicted of Witness tampering resulting in death in violation of 18 U.S.C. § 1512(a)(l)(C), the predicate offense for Count 10. As the residual clause in § 924(c) no longer exists, it cannot apply to Mr. Keller. The only way that Count Ten can remain is if Mr. Keller's conviction fits the definition of a crime of violence that is laid out in the force clause. It does not.

In Count Ten, the indictment explicitly references murder under 18 U.S.C. § 1111(a) as part of the predicate offense for which the charge was based. This federal definition of murder, however, does not satisfy the requirements of the 924(c) force clause, however, sufficiently to support such a claim. In *United States v. Begay*, 934 F.3d 1033, 1038–39 (9th Cir. 2019), *reh'g held in abeyance,* No. 14-10080, 2019 WL 7900329 (9th Cir. Dec. 5, 2019), the Court found that this statute did not constitute a crime of violence under the force clause as the statute expressly included "second-degree murder [which] may be committed recklessly—with a depraved heart mental state—and need not be committed willfully or intentionally."

The *Begay* holding is well in line with this Court's precedents. In *Leocal v. Ashcroft,* the Supreme Court held that the 18 U.S.C. § 16 force clause [which is materially the same as the § 924(c) force clause] requires "a higher mens rea than [] merely accidental or negligent conduct." 543 U.S. 1, 11 (2004). The Fourth Circuit has confirmed and expanded that holding since then, explaining that it requires a higher degree of mens rea than recklessness or negligence. In fact, the Fourth Circuit has repeatedly held that the force clause requires that an offense have an element the *intentional* use of violent physical force.

7

To begin, the Fourth Circuit squarely ruled as such in *United States v. Middleton*, 883 F.3d 485, 497-98 (4th Cir. 2018) (Floyd, J., concurring joined by Harris, J.). In that case, Judge Floyd, joined by Judge Harris, confirmed that only an offense that requires the *intentional* use of violent physical force can qualify as a "violent felony" under the force clause of the Armed Career Criminal Act (ACCA), which is materially the same as the § 924(c) force clause. *Id.* To be clear, Judge Floyd's decision is controlling here even though it was a concurring opinion, because it was adopted by Judge Harris, forming a two-judge majority.

The Fourth Circuit itself has said that Judge Floyd's decision in *Middleton* is controlling. In *United States v. Hodge*, 902 F.3d 420, 427 (4th Cir. 2018), the Fourth Circuit relied on Judge Floyd's decision in *Middleton* to find that Maryland reckless endangerment categorically fails to qualify as an ACCA "violent felony." The Court, citing to Judge Floyd's "plurality" decision, held that "the ACCA force clause [] requires a higher *mens rea* than recklessness." *Hodge*, 902 F.3d at 427 (quoting *Middleton*, 883 F.3d at 498).

In any event, Chief Judge Gregory's majority decision in *Middleton*, 883 F.3d at 492, likewise held that a reckless mens rea will not suffice under the force clause. Indeed, in *United States v. Allred,* 942 F.3d 641 (4th Cir. 2019), the Fourth Circuit repeated that the force clause requires the "*intentional* causation of death or injury." *Id.* at 654 (quoting *United States v. Battle*, 927 F.3d 160, 166 (4th Cir. 2019)). The Court relied on Judge Gregory's decision in holding as such: "*Middleton* stands for the proposition that *unintentionally* causing physical force to harm someone is not necessarily a use of violent physical force against the person of another." *Allred*, 942 F.3d at 654 (quoting *United States v. States v. Shepard*, 741 F. App'x 970, 972 (4th Cir. 2018) (internal quotation marks omitted)). Similarly, in *United States v. McNeal,* 818 F.3d 141, 155 (4th Cir. 2016), the Fourth Circuit repeated that "recklessness [is] not enough" under the § 924(c) force clause.

8

While a similar conviction under the witness tampering statute was found to satisfy the force clause in *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), that case expressly involved a charge under Virginia's first degree murder statute, unlike the present case which from the indictment and plea agreement, could constitute second degree murder. Accordingly, the holding in *Mathis* does not control here.

### COUNT TWO

For Count Two under 924(o), two of the underlying predicate offenses conspiracy to commit interstate domestic violence (Count 1) and conspiracy to kill witnesses (Count 3) ECF 53. However, post-*Davis,* such conspiracy offenses categorically fail to qualify as a "crime of violence" because they do not have an element the use, attempted use, or threatened use of violent physical force. Indeed, the Fourth Circuit held exactly as such in *United States v. Simms,* 914 F.3d at 233-34, finding that because conspiracy can be satisfied merely by an *agreement* to commit the object of the conspiracy, the force clause is not satisfied. *Id.*

**II.     Mr. Keller is entitled to relief under 28 U.S.C. § 2255 relief because 1) his claim under *Davis* is cognizable and 2) *Davis* is retroactive on collateral review.**

**A.     Mr. Keller's claim is cognizable under § 2255(a).**

Under 28 U.S.C. § 2255(a), a petitioner is entitled to relief when his original conviction "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Mr. Keller is entitled to relief on both grounds.

*First*, based on all the reasons noted above, Mr. Keller's § 924(c) convictions violate due process because they were dependent upon an unconstitutionally vague residual clause.

*Second*, because post-*Davis* , the predicate offenses underlying Mr. Keller's 924© convictions categorically fail to satisfy the "crime of violence" element under § 924(c), the indictment failed to state an offense under § 924(c) for Counts 2, 8, and 10, and Mr. Keller has

9

now been convicted offenses that are no longer criminal. This means his convictions violate the United States laws and result in a miscarriage of justice. The Supreme Court has held that this is exactly the type of error that is cognizable under 28 U.S.C. § 2255(a). *See Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255").

### B. *Davis* is retroactive on collateral review.

Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive." *Welch v. United States,* 136 S. Ct. 1257, 1264 (2016). As the Solicitor General has already conceded, *Davis* is retroactive on collateral review because it is substantive. *See* Brief for the United States, *United States v. Davis*, Sup. Ct. No. 18-431 (Feb. 12, 2019), at 52 ("A holding of this Court that Section 924(c)(3)(B) requires an ordinary-case categorical approach—and thus is unconstitutionally vague—would be a retroactive substantive rule applicable on collateral review.") (citing *Welch,* 136 S. Ct. at 1264).

A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." *Welch,* 136 S. Ct. at 1265. This includes "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* (citation omitted). For example, in *Welch*, the Supreme Court found that *Johnson* v. *United States*, 135 S. Ct. 2551 (2015), was retroactive because it altered the punishment for a class of people once subject to the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(2)(B)) who could no longer be classified as such based on the statute's now-defunct residual clause. *Id.* This

10

reasoning applies with even more force here. *Davis* not only alters sentences but renders innocent a class of people once subject to §924(c) liability based on predicate offenses that solely fell within the now-defunct § 924(c) residual clause. *Davis* thereby alters the range of conduct and class of persons that can be punished under § 924(c). Therefore, *Davis* is retroactive.

To be sure, at least two other circuits have held that *Davis* applies retroactively. The Sixth Circuit, in *In re Franklin*, 950 F.3d 909 (6th Cir. 2019), allowed the petitioner to file a successive § 2255 petition based on *Davis*, noting that it established a new rule of constitutional law, and pointing out that while lower courts do not ordinarily apply a new rule retroactively until the Supreme Court has announced the retroactive effect, a narrow exception exists when "[m]ultiple cases dictate the retroactivity of the new rule." *Franklin*, at 910 (*citing Tyler v. Cain*, 533 U.S. 656, 664 (2001). That court determined that *Davis* applied retroactively based on the Supreme Court's decision in *Welch*. The Third Circuit gave a similar holding in *In Re Matthews*, 934 F.3d 296 (3rd Cir. 2019).

## CONCLUSION

For the reasons set forth above, Mr. Keller respectfully asks this Court to vacate his § 924(c) convictions, and to schedule a re-sentencing for his remaining convictions.

Respectfully submitted,

NAKIA KELLER

/s  Brooks A. Duncan

Brooks A. Duncan (VSB No. 87476)
Assistant Federal Public Defender
Western District of Virginia
210 First St., SW, Suite 400
Roanoke, VA 24011
Phone:  (540) 777-0880
Fax:  (540) 777-0890
brooks_duncan@fd.org
    *Counsel for Defendant Nakia Keller*

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2020, I electronically filed the foregoing Motion with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s  Brooks A. Duncan

12