IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

UNITED STATES OF AMERICA

    v.                                                            Case No. 5:10CR15

NAKIA HEATH KELLER
            Defendant.

## MOTION TO AMEND PETITIONER"S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255

The Fourth Circuit authorized a successive petition under 28 U.S.C. § 2255 in May of 2021. That petition is currently pending before this Court and seeks to vacate his convictions to Counts 2, 8, and 10. Mr. Keller now seeks to amend his pending petition to add challenges to Counts 1 and 7, and to update the caselaw that pertains to his pending challenges to Counts 2, 8, and 10. The proposed supplemental claims are timely and satisfy the requirements of 28 U.S.C. § 2255(h)(2). Therefore, this Court should grant this motion.

Nakia Keller pled guilty to 17 serious offenses in June of 2012, following a written plea agreement. This Court sentenced him as follows, with the far-right column indicating whether the Count of conviction is the subject of the current or proposed amended petition to vacate:

1

| Count | Offense | Sentence | Notes: |
|---|---|---|---|
| 1 | 18 U.S.C. § 371: Conspiracy to commit interstate domestic violence | 60 months | Amended § 2255 |
| 2 | 18 U.S.C. § 924(o): Conspiracy to use a firearm in relation to a crime of violence | 240 months | Current § 2255 |
| 3 | 18 U.S.C. § 1512(k) & 1111(b): Conspiracy to kill witnesses resulting in death | LIFE | |
| 4-5 | 18 U.S.C. § 1512(k) & 1512(b)(3): Conspiracy to tamper with witnesses and evidence | 240 months | |
| 6 | 18 U.S.C. § 844(h)(1) & 844(m): Conspiracy to use a fire to commit a felony | 240 months | |
| 7 | 18 U.S.C. § 2261(a)(1) & 2261(b)(1): Interstate domestic violence resulting in death | LIFE | Amended § 2255 |
| 8 | 18 U.S.C. § 924(c) & 924(j)(1): Use of a firearm in relation to a crime of violence resulting in death | LIFE to be served consecutively | Current § 2255 |
| 9 | 18 U.S.C. § 1512(a)(1)(C) & 111(b): Murdering a witness | LIFE | |
| 10 | 18 U.S.C. § 924(c) & (j)(1): Use of a firearm in relation to a crime of violence resulting in death | LIFE to be served consecutively | Current § 2255 |
| 13-14 | 18 U.S.C. § 1512(b)(3) & 1512(c): Tamper with witness and evidence | 240 months | |
| 15 | 18 U.S.C. § 844(h): Use of fire during the commission of a felony resulting in death | 120 months to be served consecutively | |
| 16 | 18 U.S.C. § 922(g)(1): Felon in possession of a firearm | 120 months | |

Mr. Keller filed a direct appeal, and the Fourth Circuit affirmed the convictions and sentences on May 30, 2013. Mr. Keller then filed a first petition under 28 U.S.C. § 2255 on July 24, 2013, which was denied the following year. Within a year of *United States v. Davis*, 139 S.Ct. 2319 (2019), Mr. Keller sought

permission from the Fourth Circuit to file a successive motion under 28 U.S.C. § 2255(h)(2) to challenge his convictions in Counts 2, 8, and 10 to three charges under 18 U.S.C. §§ 924(c), (j)(1), and (o). The Fourth Circuit granted authorization on April 21, 2021.

Mr. Keller seeks to amend his pending petition to add a request to vacate his conviction in Count 7, for interstate domestic violence resulting in death under 18 U.S.C. § 2261(a)(1) & 2261(b)(1), and for conspiracy to commit the same which was separately charged under Count 1. After authorization, a § 2255 may be supplemented with another claim as long as the timeliness requirements and § 2255(h)(2) requirements are satisfied. *United States v. MacDonald*, 641 F.3d 596 (4th Cir. 2011). Mr. Keller's challenge to his conviction under § 2261 is rooted in *Davis*, and the Fourth Circuit has held that a *Davis* claims meets the § 2255(h)(2) requirements. *In re Thomas*.

Interstate domestic violence resulting in death criminalizes the travel in commerce, with a specific intent to kill or injure, that the intended victim be a spouse, intimate partner or dating partner, and the commission or attempted commission of "a crime of violence" against that intended victim. 18 U.S.C. § 2261(a).[1] The relevant definition for "crime of violence" is drawn from 18 U.S.C.

---

[1] The full statute, 18 U.S.C. § 2261(a)(1) reads: "A person who travels in interstate or foreign commerce or enters or leaves Indian country or is present within the special maritime and territorial jurisdiction of the United States with the intent to kill, injure, harass, or intimidate a spouse, intimate partner, or dating partner, and who, in the course of or as a result of such travel or presence, commits or attempts to commit a crime of violence against that spouse, intimate partner, or dating partner, shall be punished as provided in subsection (b)."

§ 16 which is identical to that in § 924(c). "Crime of violence" means "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" 18 U.S.C. § 16. Mr. Keller's claim that his § 2261 count must be vacated is timely because it relates back to his original *Davis* claims under Fed. R. Civ. Proc. 15. His claim arises out of the same transaction, occurrence, or event – *Davis*'s voiding of the crime of violence residual clause.[2]

In any event, without the unconstitutional residual clause, Mr. Keller is actually innocent of the § 2261(a) offense (as well as the conspiracy to violate § 2261(a)). And actual innocence excuses the statute of limitations for filing a claim under § 2255. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). A defendant is actually innocent of a § 924(c) offense if the crime of violence element cannot be satisfied after *Davis*. *United States v. Bowen*, 936 F.3d 1091, 1108 (10th Cir. 2019) (because witness retaliation conviction does not qualify as crime of violence under § 924(c)(3)(A) defendant was actually innocent of § 924(c)(1)); *United States v. Reece*, 938 F.3d 630, 634, n. 3 (2019) (explaining that, as government conceded, if the defendant's convictions were based on the § 924(c) residual clause he would be

---

[2] *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) held that the residual clause of § 16(b) was unconstitutionally vague in the contest of *prior* convictions. *Davis* is the case that dictates that the identical § 16(b)/924(c) residual clause as applied to *instant* offenses is void.

actually innocent of that charge under *Davis*). The Fourth Circuit has agreed in an analogous context – that of a § 922(g) felon-in-possession violation after intervening caselaw held that a defendant's prior convictions were not felonies. *United States v. Adams*, 814 F.3d 178, 182-3 (4th Cir. 2016). After *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), the defendant lacked a required predicate felony for conviction under § 922(g)(1). Therefore, the Fourth Circuit affirmed he was both legally and "factually" innocent of a violation of § 922(g). *Adams*, 814 F.3d at 182-32.

In his supplemental petition, Mr. Keller will argue that his § 2261(a)(1) must be vacated because the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague and his conviction under Count 7 does not meet the definition of § 16(a)'s force clause. As an initial matter, the superseding indictment does not specify what the "crime of violence against Denis Taylor that resulted in the death of Dennis Taylor" was. This Court cannot speculate as to what statutory violation the government could have charged, or intended to charge. The Fourth Circuit held that "in a prosecution for interstate domestic violence, the jury is charged with finding, unanimously and beyond a reasonable doubt, the commission of a *specific* underlying crime of violence, as well as the elements of that offense." *United States v. Faulls*, 821 F.3d 502, 514-15 (4th Cir. 2016) (emphasis added). For this reason, this case is markedly different than the challenge to a § 2261 conviction that resulted in an unpublished decision in *United States v. Kearney*, 837 Fed. Appx. 975 (4th Cir. 2020). In *Kearney*, the § 2261(a)(1) charge specifically identified the crime

5

of violence as "murder." Because the indictment in this case fails to allege any statutory crime that was allegedly violated, this Court must find that the government failed to show that he committed any crime that would have been deemed a crime of violence under the force clause. The fact that Count 7 charges that the crime of violence "resulted in the death of Dennis Taylor" does not demonstrate that the unspecified crime of violence occurred under the force clause of § 16(a). Many actions that "result" in violence or death may be completed with a *mens rea* of recklessness, and they would not qualify as crimes of violence. *Borden v. United States*, 141 S. Ct. 1817 (2021). For these reasons, Mr. Keller will ask the Court to vacate Count 7, and Count 1, which was the conspiracy to commit Count 7 and similarly fails to specify any "crime of violence."

Finally, in the amended petition, Mr. Keller will update the law with respect to his pending claims to vacate Counts 2, 8, and 10. Several years of intervening caselaw have transpired since his initial petition was drafted, and it would be most efficient for the government to respond to a petition that includes that more recent caselaw. The alternative is for the government to file its response, Mr. Keller to reply and include years of new cases, and for the government to file a sur-reply.

For these reasons, Mr. Keller asks the Court to grant his motion to amend and to order that any amended petition be filed within 30 days of the Court's order granting this motion.

Respectfully submitted,

NAKIA HEATH KELLER

By Counsel

s/Lisa M. Lorish
Asst. Federal Defender
Virginia State Bar No. 81465
Assistant Federal Public Defender
401 E. Market Street, Suite 106
Charlottesville, VA 22902
Telephone: (434) 220-3380
Fax: (434) 220-3390

CM/ECF CERTIFICATE OF SERVICE

I certify that on July 6, 2021, a true copy of the foregoing was electronically filed with the clerk of the court using said court's CM/ECF electronic filing system and that to my knowledge and belief this document will be electronically sent to these individuals: counsel of record; and I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

s/Lisa M. Lorish