IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 5:10-cr-00015 |
| | ) | |
| | ) | |
| NAKIA HEATH KELLER, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 21, 2021, the Fourth Circuit granted Nakia Heath Keller's motion for authorization to file a successive 28 U.S.C. § 2255 motion. (Dkt. No. 388.) Pursuant to that authorization, Keller filed a § 2255 motion on May 13, 2021 (Dkt. No. 391), then moved to amend the motion on July 6, 2021 (Dkt. No. 398). The government opposes the motion to amend. (Dkt. No. 404.) For the reasons that follow, the court will grant the motion to amend.

I.  BACKGROUND

In June 2012, Keller pled guilty to 17 offenses following a written plea agreement. Keller is challenging the following convictions:

- Count One:  18 U.S.C. § 371, Conspiracy to commit interstate domestic violence (60 months) (Amended § 2255);

- Count Two: 18 U.S.C. § 924(o), Conspiracy to use a firearm in relation to a crime of violence (240 months) (Current § 2255);

- Count Seven: 18 U.S.C. §§ 2261(a)(1), 2261(b)(1), Interstate domestic violence resulting in death (LIFE) (Amended § 2255);

- Count Eight: 18 U.S.C. §§ 924(c), 924(j)(1), Use of a firearm in relation to a crime of violence resulting in death (LIFE to be served consecutively) (Current § 2255); and

- Count Ten: 18 U.S.C. §§ 924(c), 924(j)(1), Use of a firearm in relation to a crime of violence resulting in death (LIFE to be served consecutively) (Current § 2255)

Keller's convictions and sentences were affirmed by the Fourth Circuit on direct appeal in 2013. Keller's first § 2255 motion was filed in 2013 and denied in 2014. In 2019, the Supreme Court ruled that the "residual clause" definition of a crime of violence in 18 U.S.C. 924(c)(3)(B) was unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319 (2019). Within a year of this ruling, Keller sought permission to file a successive motion to challenge his convictions in counts 2, 8, and 10. The Fourth Circuit found that "Keller has made a prima facie showing that the new rule of constitutional law announced in [*Davis*], and determined to be retroactively applicable to cases on collateral review, *see In re Thomas*, 988 F.3d 783, 788–90 (4th Cir. 2021), may apply to his case. Accordingly, we grant authorization for Keller to file a successive § 2255 motion." (Dkt. No. 388.)

Keller seeks to amend his motion to add a request to vacate his convictions in count one and count seven.

## II. ANALYSIS

**A. Federal Public Defender Representation**

Prior to responding to the motion to amend, the government raises a "threshold issue" regarding the Federal Public Defender's "self-appointed appearance" on behalf of Nakia Heath Keller. The government observes that the court has denied motions to appoint counsel on several occasions following Keller's conviction and sentence. Even so, three separate Assistant Federal Public Defenders entered appearances for Keller without an appointment order from the court or a corresponding motion for appointment. The government argues that there are legal and ethical issues related to unauthorized representation by the Federal Public Defender. *See* 18 U.S.C. §

3006A (providing that when "the United States magistrate judge or the court determines that that the interests of justice so require," representation "may" be provided to an indigent party).

The government ignores the court's 2015 standing order appointing the Federal Public Defender's Office for the Western District of Virginia to represent defendants previously found to be entitled to appointed counsel "to determine whether that defendant may qualify for federal habeas relief under either 28 U.S.C. 2255 or 2241 in light of *Johnson v. United States* . . . ." http://www.vawd.uscourts.gov/media/6269209/standingorder2015-5.pdf.  Representation of Keller is "in light of *Johnson*" because *Johnson* was the basis for the Court's ruling in *Davis*. *See, e.g.*, *Granda v. United States*, 990 F.3d 1272, 1283–84 (11th Cir. 2021) (explaining that "*Davis* extended the reasoning of *Johnson*" and "[a]pplying *Davis* to resolve Granda's vagueness claim does not transform the authorized claim—which originally relied on *Johnson*—into a distinct, unauthorized *Davis* claim").  Therefore, the court finds no issue with Keller's representation by the Federal Public Defender.

**B.  Motion to Amend**

Courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend a § 2255 action.  *See United States v. Pittman*, 209 F.3d 314, 316–17 (4th Cir. 2000); Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

Keller seeks to add claims that his convictions for interstate domestic violence (counts one and seven) should also be vacated pursuant to *Davis*.  The government argues that these claims are untimely.  *See* § 2255(f)(3) (providing a one-year limitation period that runs from the latest of a series of dates, including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

3

retroactively applicable to cases on collateral review"). The amendments are not untimely because they relate back to the date of the original motion and request for authorization. *See* Fed. R. Civ. P. 15(c)(1)(B) (providing that an amendment relates back to the date of the original pleading when the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"). The court also notes that another prefiling authorization is not required to add these additional claims. *See United States v. MacDonald*, 641 F.3d 596, 616 (4th Cir. 2011) (finding that "the lack of additional prefiling authorization was no obstacle to" pursuit of new claim).

**C. Signature Requirement**

The government raises the issue that Keller's motion was not "signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rule 2(b)(5), Rules Governing Section 2255 Proceedings. Keller does not offer a response to this argument. The court will direct that Keller satisfy this requirement when he files the amended motion.

### III. CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that Keller's motion to amend (Dkt. No. 398) is GRANTED. Keller shall file an amended motion within thirty days of the date of this order. The amended motion shall comply with Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings.

The clerk of court is directed to transmit a copy of this order to all counsel of record.

Entered: December 3, 2021.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

4