# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No. 5:10-cr-00015** |
| ) | |
| **NAKIA KELLER** ) | |

## AMENDED MOTION TO VACATE CONVICTION
## UNDER 28 U.S.C. § 2255

Petitioner, Nakia Keller, through undersigned counsel, asks the Court to set aside the judgment in this case on Counts One, Two, Seven, Eight, and Ten pursuant to 28 U.S.C. § 2255.1 As explained below, Mr. Keller's convictions on those counts under 18 U.S.C. § 924(c) must be vacated in light of the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019).

## INTRODUCTION

In 2015, Mr. Keller pleaded guilty to Conspiracy to Commit Interstate Domestic Violence, in violation of 18 U.S.C. § 371 (Count One), Conspiracy to Use a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(o) (Count Two); Conspiracy to Kill Witnesses Resulting in Death, in violation of 18 U.S.C. § 1512(k) (Count Three); 18 U.S.C. § 1512(k); Conspiracy to Tamper with Witnesses and Evidence, in violation of 18 U.S.C. § 1512(k) and 1512(b)(3) (Counts Four and Five); Conspiracy to Use Fire to Commit a Felony 18 U.S.C. § 844(h)(1) and 844(m) (Count Six); Interstate Domestic Violence Resulting in Death 18 U.S.C. § 2261(a)(1) and 2261(b)(1) (Count Seven); Carry and Use of a Firearm in Relation to a Crime of

Violence Resulting in Death 18 U.S.C. § 924(c) and 924(j)(1) (Count Eight); Murdering a Witness 18 U.S.C. § 1512(a)(1) and 1111(b) (Count Nine); Use of a Firearm in Relation to a Crime of Violence Resulting in Death 18 U.S.C. § 924(c) and 924(j)(1) (Count Ten); Tampering with Witness and Evidence 18 U.S.C. § 1512(b)(3) and 1512(c) (Counts Thirteen-Fourteen); Use of Fire During the Commission of a Felony Resulting in Death 18 U.S.C. § 844(h) (Count Fifteen); Felon in Possession of a Firearm 18 U.S.C. § 922(g)(1) (Count Sixteen).

On March 31, 2016, Mr. Keller was sentenced to three consecutive life sentences and 60 months' imprisonment on Count One, to run consecutive to 240 months' imprisonment on Counts Two, Four, Five, Six, Thirteen and Fourteen (which were grouped), a term of life imprisonment on Counts Three, Seven and Nine, consecutive life sentences on Counts Eight and Ten, and 120 months to be served consecutively to all other Counts on Count Fifteen.

For the purposes of this petition:

| Challenged Count | Predicate Count |
|---|---|
| Count Eight—<br><br>18 U.S.C. § 924(c) & 924(j)(1): Use of a firearm in relation to a crime of violence resulting in death | Count Seven—<br><br>18 U.S.C. § 2261(a)(1) & 2261(b)(1): Interstate domestic violence resulting in death |
| Count Ten—<br><br>18 U.S.C. § 924(c) & (j)(1): Use of a firearm in relation to a crime of violence resulting in death | Count Nine—<br><br>18 U.S.C. § 1512(a)(1)(C): Federal witness tampering resulting in murder |
| Count Two—<br>18 U.S.C. § 924(o): Conspiracy to use a firearm in relation to a crime of violence | Counts One, Three, Seven, Nine, and Eleven |

2

| Challenged Count | Predicate Count |
|---|---|
| Count Seven— 18 U.S.C. § 2261(a)(1) & 2261(b)(1): Interstate travel to commit a crime of violence against a domestic partner | No predicate count charged; however, statute itself requires a predicate "crime of violence" as defined in 18 U.S.C. § 16 |
| Count One— 18 U.S.C. § 371: Conspiracy to commit interstate domestic violence | Count Seven (as conspiracy to commit same) |

In 2019, after Mr. Keller had submitted an initial petition under 28 U.S.C. § 2255, the United Supreme Court decided *United States v. Davis*, 139 S.Ct. 2319 (2019). At issue before the court was whether predicate offenses constituted a "crime of violence" as a matter of law. The Supreme Court in *Davis* held that the definition under § 924(c)(B) was unconstitutionally vague in violation of the Due Process Clause.

After *United States v. Davis* was decided, Mr. Keller brought a § 2255 challenge to his sentences on counts Two, Eight, and Ten, and the Fourth Circuit granted authorization on April 21, 2021. ECF # 388, 391. Mr. Keller's petition was docketed in the district court on May 13, 2021, and he sought to amend his § 2255 petition on July 6, 2021, as his sentences on Counts One and Seven were similarly infirm based on Davis's voiding of the crime of violence residual clause. ECF # 398. The motion to amend was granted by this Court on December 3, 2021. ECF # 422.

Mr. Keller's convictions on Counts One, Two, Seven, Eight, and Ten violate Mr. Keller's constitutional right to due process and result in a fundamental miscarriage of justice. *See Davis*, 139 S. Ct. at 2323 ("In our constitutional order, a vague law is no law at all."); *see also Johnson v. United States*, 135 S. Ct. 2551,

3

2557 (2015) ("the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges"). Therefore, Mr. Keller is entitled to a vacatur of his unlawful convictions under 28 U.S.C. § 2255(a).

Moreover, as five of the counts to which Mr. Keller pleaded guilty are constitutionally infirm, the proper remedy as a matter of procedure is to vacate Mr. Keller's sentence on all counts under the sentencing package doctrine and conduct a resentencing. *See Dean v. United States*, 137 S. Ct. 1170, 1176 (2017); *United States v. Smith*, 115 F.3d 241, 244 (4th Cir. 1997).

## ARGUMENT

18 U.S.C. § 924(c) "threatens long prison sentences for anyone who uses a firearm in connection with certain other federal crimes. But *which* other federal crimes?" *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019) (emphasis in the original). Under § 924(c)(3), enhanced penalties for using a firearm in connection to a predicate "crime of violence" is defined as follows:

> (3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –
> (A) Has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The relevant portion of § 924(c) defining a "crime of violence" has two clauses: the force clause, § 924(c)(3)(A), and § 924(c)(3)(B), the "residual clause." In *Davis*, the Supreme Court held that the residual clause in § 924(c)(3)(B) is void for vagueness,

4

noting that "this language, read in the way nearly everyone (including the government) has long understood it, provides no reliable way to determine which offenses qualify as crimes of violence." *Davis*, at 2324.

*Davis* itself reaffirmed the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which had previously held that the residual clause of § 16(b) was void for vagueness in the contest of *prior* convictions. 18 U.S.C. § 16, using substantially the same language, defines a crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, […]
>
> (b) or any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Given that "[i]n our constitutional order, a vague law is no law at all," *Davis* held that the infirmities of § 16(b) and 924(c) applied not just to prior convictions but voided the instant offenses as well. *Davis* at 2323.

Without the residual clause, to determine whether an offense qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A) or § 16(a), under the categorical approach[1] an offense qualifies as a crime of violence only if a necessary element of the offense includes the use, attempted use, or threatened use of physical force as described in the force clauses of § 924(c)(3)(a) and § 16(a). *Leocal v. Ashcroft*, 543 U.S. 1, 7–10, (2004); *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) ("When a

---

[1] The categorical approach focuses "on the elements of the prior offense rather than the conduct underlying the conviction." *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (citation omitted); *United States v. McNeal*, 818 F.3d 141, 151–52 (4th Cir. 2016). *See also Davis* at 2326.

5

statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not 'categorically' a crime of violence under the force clause.") A conviction for an offense that can be committed without " violent force—that is, force capable of causing physical pain or injury to another person"—must be vacated. *Johnson v. United States*, 559 U.S. 133, 140 (2010).

As set out below, because the predicate offenses Mr. Keller pleaded guilty to are not categorically "crimes of violence"," they must be vacated.

**I.   After *Davis*, Mr. Keller's convictions under 18 U.S.C. § 924(c) cannot be sustained**

Mr. Keller pleaded guilty to three Counts—Two, Eight, and Ten—of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c). After *Davis* held that the § 924(c) residual clause is unconstitutionally vague in violation of the Due Process Clause, the offenses underlying Mr. Keller's convictions under this statute cannot categorically qualify as "crimes of violence." And as the predicate offenses do not qualify as "crimes of violence" as a matter of law, these convictions must be vacated.

## COUNT EIGHT

Mr. Keller was charged and convicted of Interstate Domestic Violence, Count Seven, in violation of 18 U.S.C. § 2261(a)(1), the predicate offense for Count Eight. Count Eight is only constitutionally imposed if Mr. Keller's conviction of Count Seven categorically fits the definition of a "crime of violence" that is laid out in the force clause. If § 2261(a)(1) can be committed without violent physical force, it cannot be

6

the predicate offense for Count Eight, rendering that count unconstitutionally imposed. *See Johnson*, 559 U.S. at 140.

Interstate domestic violence can be committed without any physical touching or violent force of any kind, and thus is not a "crime of violence" under § 924(c)'s remaining force clause. The offense itself does not have as an element the use, attempted use, or threatened use of violent physical force. The relevant statute, 18 U.S.C. § 2261(a)(1), requires a showing that defendant: 1) "travels in interstate or foreign commerce;" 2) with the intent to kill, injure, harass, or intimidate a spouse, intimate partner, or dating partner; 3) and "in the course of or as a result of such travel or presence;" 4) commits or attempts to commit a *crime of violence* against that spouse, intimate partner, or dating partner." (emphasis added).

Thus § 2261(a)(1) itself requires a predicate "crime of violence" to establish its commission, the definition for which is found in 18 U.S.C. § 16, which defines a crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, […]
> (b) or any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *Sessions v. Dimaya,* 138 S. Ct. 1204, 1216 (2018), the Supreme Court determined that the residual clause of this definition was impermissibly vague in violation of due process. Therefore, the appropriate inquiry is whether, categorically, the offense interstate domestic violence requires the violent physical force as defined under § 16(a). Rather than look to the facts of the case, the categorical approach focuses "on

7

the *elements* of the prior offense rather than the *conduct* underlying the conviction." *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (citation omitted). The question presented is not "whether the defendant's conduct *could* support a conviction for a crime of violence" but instead "whether the defendant was *in fact convicted* of a crime that qualifies as a crime of violence." *Id. at 38.*

Categorically, interstate domestic violence is not a "crime of violence" as it does not require as an element the use of violent, intentional physical force. The statute itself includes conduct such as harassment or intimidation that require no physical component. Indeed, stalking, as included in § 2261(b)(6), by definition involves a lack of violent physical force. Moreover, the offense relies on the incorporation of charged predicate crimes under § 16(b), which is unconstitutionally vague.

As Count Seven cannot serve as a "crime of violence" as a predicate for Count Eight, Count Eight is a violation of Mr. Keller's due-process rights and must be vacated.

## COUNT TEN

Mr. Keller was charged and convicted of witness tampering resulting in death in violation of 18 U.S.C. § 1512(a)(l)(C), Count Nine, the predicate offense for Count Ten. As the residual clause in § 924(c) no longer exists, it cannot apply to Mr. Keller. The only way that Count Ten can remain constitutionally imposed is if Mr. Keller's conviction fits the definition of a crime of violence that is laid out in the force clause. It does not.

8

In Count Ten, the indictment explicitly references murder under 18 U.S.C. § 1111(a) as part of the predicate offense for which the charge was based. This federal definition of murder, however, does not satisfy the requirements of the § 924(c) force clause sufficiently to support such a conviction. The Fourth Circuit has recognized that even though murder *may* provide a predicate "crime of violence," *see, e.g., United States v. Irby*, 858 F.3d 231, 236 (4th Cir. 2017), it does not categorically do:

> [N]ot every act that causes bodily injury or death amounts to the *use* of physical force as required by § 924(c)(3)'s force clause. That is because the term "use" targets action, implying a *deliberate or perhaps reckless* mens rea, and bodily injury or death "can result from negligent or even accidental acts." *United States v. Rumley*, 952 F.3d 538, 549 (4th Cir. 2020). "[T]hose *acts*, even if criminal, would not constitute" crimes of violence, as they do not involve a "use" of physical force. *Id*. (emphasis added).

*United States v. Runyon*, 994 F.3d 192, 200 (4th Cir. 2021) (full citation added). The Fourth Circuit was able to distinguish between the retaliatory murder statute which required "intent," at issue in *Irby* from other convictions where the elements do not "necessarily requires the 'use' of physical force within the meaning of the force clause." *Runyon*, 994 F.3d at 201.

§ 1111(a) is such a statute. The statutory language suggests alternate methods by which one can violate the law, and lists among other acts that cause death "poison," a means of murder which requires no violent physical force whatsoever. See § 1111(a). The Fourth Circuit, in considering whether a California statute constituted a crime of violence, has highlighted the very same means of non-violent commission, stating that, "Of course, a crime may *result* in death or serious injury without involving *use* of physical force. For example, as the Fifth Circuit has noted, a defendant can violate

9

statutes . . . by threatening to poison another, which involves no use or threatened use of force." *United States v. Torres-Miguel*, 701 F.3d 165, 168–69 (4th Cir. 2012) (citing *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010) (adopting the reasoning of *United States v. De La Rosa–Hernandez,* 264 Fed.Appx. 446, 449 (5th Cir.2008)).

Further, § 1111(a) encompasses second-degree murder, which may be committed recklessly as opposed to intentionally. This cannot satisfy the intentional use of violent physical force required under § 924(c)(A). In *Leocal v. Ashcroft,* the Supreme Court held that the 18 U.S.C. § 16 force clause [which is materially the same as the § 924(c) force clause] requires "a higher mens rea than [] merely accidental or negligent conduct." 543 U.S. 1, 11 (2004). The Fourth Circuit has confirmed and expanded that on decision, holding that the force clause requires that an offense have an element the *intentional* use of violent physical force. In *United States v. Middleton*, 883 F.3d 485, 497-98 (4th Cir. 2018) (Floyd, J., concurring joined by Harris, J.) a plurality opinion confirmed that only an offense that requires the *intentional* use of violent physical force can qualify as a "violent felony" under the force clause of the Armed Career Criminal Act (ACCA), which is materially the same as the § 924(c) force clause. *Id*. The Fourth Circuit then reaffirmed its holding in *United States v. Hodge*, 902 F.3d 420, 427 (4th Cir. 2018), which relied upon *Middleton* to find that Maryland reckless endangerment categorically fails to qualify as an ACCA "violent felony." The Court, citing to Middleton's plurality decision, held that "the ACCA force clause [] requires a higher *mens rea* than recklessness." *Hodge*, 902 F.3d at 427

10

(quoting *Middleton*, 883 F.3d at 498).

These holdings are not outliers. In *United States v. Allred,* 942 F.3d 641 (4th Cir. 2019), the Fourth Circuit repeated that the force clause requires the "*intentional* causation of death or injury." *Id.* at 654 (quoting *United States v. Battle*, 927 F.3d 160, 166 (4th Cir. 2019)). The *Allred* Court relied upon *Middleton*, stating that case "stands for the proposition that *unintentionally* causing physical force to harm someone is not necessarily a use of violent physical force against the person of another." *Allred*, 942 F.3d at 654 (quoting *United States v. Shepard*, 741 Fed. Appx.970, 972 (4th Cir. 2018) (internal quotation marks omitted)). Similarly, in *United States v. McNeal,* 818 F.3d 141, 155 (4th Cir. 2016), the Fourth Circuit repeated that "recklessness [is] not enough" under the § 924(c) force clause.

The Fourth Circuit is not alone in this interpretation; the Ninth Circuit agreed in *United States v. Begay*, holding that "[a] 'crime of violence' requires intentional conduct." 934 F.3d 1033, 1038–39 (9th Cir. 2019), *reh'g held in abeyance,* No. 14-10080, 2019 WL 7900329 (9th Cir. Dec. 5, 2019) (citing *Leocal v. Ashcroft*, 543 U.S. 1 (2004)). The Ninth Circuit specifically held that § 1111(a), the statute in question here, did not categorically constitute a crime of violence under the force clause. Because the statute expressly includes "second- degree murder [which] may be committed recklessly—with a depraved heart mental state—[it] need not be committed willfully or intentionally." *Begay*, 934 F.3d at 1040.

Recent cases affirm that for an offense to qualify as a "crime of violence" under § 924(c), the offense must include as an element a *mens rea* of intent or knowledge.

11

While a similar conviction under Virginia's first-degree murder statute was found to satisfy the force clause in *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), the Virginia statute required the "willful, deliberate, and premediated" killing of another, establishing the required *mens rea* for a "crime of violence" under federal law. Va. Code § 18.2-32; *United States v. Mathis*, 932 F.3d 242, 265 (4th Cir. 2019). Similarly, the statute here, § 1111(a), can be distinguished from the one the Supreme Court considered in *United States v. Castleman*, 572 U.S. 157 (2014). In *Castleman*, the predicate state conviction required "intentionally or knowingly causing bodily injury," *id.* at 1406-07, whereas 1111(a) encompasses murder that results from a mens rea of recklessness. Both of the underlying predicate offenses in those cases are categorically unlike the present conviction which, from the indictment and plea agreement, could constitute reckless second-degree murder.

Categorically, the predicate offense of § 1111(a) does not require a *mens rea* of intent, and thus does not qualify as a "crime of violence" under 924(c)'s force clause, rendering Count Ten constitutionally infirm.

## COUNT TWO

Mr. Keller's conviction for Conspiracy to Use a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(o) must be vacated. His conviction under Section 924(o) specifies penalties for a "person who conspires to commit an offense under subsection (c) . . ."

Post-*Davis,* such conspiracy offenses categorically fail to qualify as "crimes of violence" because they do not have an element the use, attempted use, or threatened

12

use of violent physical force as required by 924(c)(A). Indeed, the Fourth Circuit held exactly this in *United States v. Simms*, finding that because conspiracy can be satisfied merely by an *agreement* to commit the object of the conspiracy, the force clause is not satisfied. 914 F.3d 229, 233-34 (2019).

Because Mr. Keller's § 924(c) convictions under Counts Two, Eight, and Ten for using a firearm during and in relation to a "crime of violence" are predicated on claims that are not categorically "crimes of violence," they are a violation of Mr. Keller's due process rights and must be vacated.

## II. After *Davis and Dimaya*, Mr. Keller's convictions under 18 U.S.C. § 2261(a)(1) cannot be sustained.

### COUNTS SEVEN AND ONE

Mr. Keller was charged and convicted of Interstate Domestic Violence in violation of 18 U.S.C. § 2261(a)(1). The statute requires a showing that a defendant: 1) "travels in interstate or foreign commerce;" 2) with the intent to kill, injure, harass, or intimidate a spouse, intimate partner, or dating partner; 3) and "in the course of or as a result of such travel or presence;" 4) commits or attempts to commit a *crime of violence* against that spouse, intimate partner, or dating partner." (emphasis added).

Thus, § 2261(a)(1) itself requires a predicate "crime of violence" to establish its commission. The relevant definition for that "crime of violence" predicate is drawn from 18 U.S.C.§ 16 which is substantively similar—and therefore contains an equally unconstitutional clause—to that in § 924(c). § 16 defines a crime of violence as:

    (a)    an offense that has as an element the use, attempted use, or

13

        threatened use of physical force against the person or property of another, […]
(b)    or any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Mr. Keller's convictions under § 2261 must be vacated as they arise out of the same unconstitutional vagueness—*Dimaya* and *Davis*' voiding of the "crime of violence" residual clause. *See Dimaya*, 138 S. Ct. at 1223 (holding § 16(b) unconstitutionally void for vagueness); *Davis*, 139 S. Ct. at 2324.

Interstate domestic violence does not have as an element violent physical force; because it relies upon the residual clause, it cannot categorically qualify as a "crime of violence." *See* § 2261(a) and (b)(6) (enumerating non-force means of committing the offense such as harassment, intimidation, and stalking). Moreover, neither the indictment nor the plea agreement specify the predicate "crime of violence" upon which Mr. Keller's conviction is based. ECF #107 at 7; ECF #147 at 2. The second superseding indictment does not specify what the "crime of violence against Denis Taylor that resulted in the death of Dennis Taylor" was. See ECF #107 at 7.[2] The plea agreement, while stating that Mr. Keller *traveled* with the intent to kill, does not specific the crime of violence to which he is pleading guilty:

---

[2] The charge in the second superseding indictment specifically states that Mr. Keller "traveled in interstate commerce, specifically between Virginia and West Virginia, with the intent to kill, injure, harass, and intimidate Dennis Taylor, [] and as a result of such travel, committed a crime of violence against Dennis Taylor that resulted in the death of Dennis Taylor." ECF #107 at 7. The indictment relies upon an unspecified "crime of violence" which may very well have resulted in death without the necessary use of violent physical force as described in the force clause at § 16(a). *See Runyon*, 994 F.3d at 201.

14

> Count 7 charges me with traveling interstate with the intent to kill Dennis Taylor, the former spouse of Lorie Ann Taylor Keller, and the commission of a crime of violence against Dennis Taylor and as a result of such travel, committed a crime of violence against Dennis Taylor that resulted in the death of Dennis Taylor, in violation of 18 U.S.C. § 2261(a)(l).

ECF #147 at 2.

This Court cannot speculate as to what statutory violation the government could have charged or intended to charge. The Fourth Circuit held that "in a prosecution for interstate domestic violence, the jury is charged with finding, unanimously and beyond a reasonable doubt, the commission of a specific underlying crime of violence, as well as the elements of that offense." *United States v. Faulls*, 821 F.3d 502, 514-15 (4th Cir. 2016) (emphasis added). And unlike the challenge to a § 2261 conviction in *United States v. Kearney*, 837 Fed. Appx. 975 (4th Cir. 2020) (unpublished), this § 2261(a)(1) charge doesn't specifically identify the crime of violence as "murder."

As the indictment in this case fails to allege any statutory crime that was allegedly violated, this Court must find that the government failed to show that Mr. Keller committed any crime that would have been deemed a "crime of violence" under the force clause. The fact that Count 7 charges that the crime of violence "resulted in the death of Dennis Taylor" does not demonstrate that the unspecified crime of violence occurred under the force clause of § 16(a). Many actions that "result" in violence or death may be completed with a mens rea of recklessness, and they would not qualify as crimes of violence. *Borden v. United*

15

*States*, 141 S. Ct. 1817 (2021).

Without an indictment or guilty plea in Mr. Keller's case identifying the specific "crime of violence" predicate that satisfies the force clause, his conviction under § 2261(a), which does not require violent physical force as an element, is constitutionally unsound. *Davis*, 139 S. Ct. at 2324.

Because the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague and his conviction under Count 7 does not meet the definition of § 16(a)'s force clause, Mr. Keller's convictions under Count Seven and Count One as conspiracy to commit interstate violence are unconstitutionally imposed. *See Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) (holding that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement").

### III. Mr. Keller is entitled to relief under 28 U.S.C. § 2255 because 1) his claim under *Davis* is cognizable and 2) *Davis* is retroactive on collateral review.

#### A. Mr. Keller's claim is cognizable under § 2255(a).

Under 28 U.S.C. § 2255(a), a petitioner is entitled to relief when his original conviction "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Mr. Keller is entitled to relief on both grounds.

First, based on all the reasons noted above, Mr. Keller's § 924(c) convictions violate due process because they were dependent upon an unconstitutionally vague residual clause.

Second, because post-*Davis* the predicate offenses underlying Mr. Keller's §

16

924(c) and §2261(a) convictions categorically fail to satisfy the "crime of violence" element, the indictment failed to state an offense for Counts One, Two, Seven, Eight, and Ten. Ultimately, Mr. Keller was convicted of offenses that are no longer criminal. This means his convictions violate the United States laws and result in a miscarriage of justice. The Supreme Court has held that this is exactly the type of error that is cognizable under 28 U.S.C. § 2255(a). *See Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255").

### B. *Davis* is a new constitutional law made retroactive on collateral review as required under § 2255(h)(2).

This secondary collateral attack petition also meets the gatekeeping provisions set forth in 28 U.S.C. § 2255(h)(2), because, as discussed below, it contains claims based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*.

Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive." *Welch v. United States,* 136 S. Ct. 1257, 1264 (2016). As the Solicitor General has already conceded*, Davis* is retroactive on collateral review because it is substantive. *See* Brief for the United States, *United States v. Davis*, Sup. Ct. No. 18-431 (Feb. 12, 2019), at 52 ("A holding of this Court that Section 924(c)(3)(B) requires an ordinary-case categorical approach—and thus is unconstitutionally

17

vague—would be a retroactive substantive rule applicable on collateral review.") (citing *Welch,* 136 S. Ct. at 1264).

A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." *Welch,* 136 S. Ct. at 1265. This includes "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* (citation omitted). For example, in *Welch*, the Supreme Court found that *Johnson* v. *United States*, 135 S. Ct. 2551 (2015), was retroactive because it altered the punishment for a class of people once subject to the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(2)(B)) who could no longer be classified as such based on the statute's now-defunct residual clause. *Id.* This reasoning applies with even more force here. *Davis* not only alters sentences but renders innocent a class of people once subject to liability based on predicate offenses that solely fell within the now-defunct § 924(c) and § 16(b) residual clauses. By altering the range of conduct and class of persons that can be punished under those statutes based on constitutional due-process requirements, *Davis* meets the criteria for retroactivity.

This and every other circuit has held that *Davis* is a new rule of constitutional law that applies retroactively, meeting the § 2255(h)(2) standard. *See In re Thomas*, 988 F.3d 783, 786 (4th Cir. 2021) ("Today we join our sister circuits in holding that *Davis* applies retroactively to cases on collateral review."). *See also In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019) ("For purposes of § 2255(h)(2), then, we conclude that the Supreme Court has made *Davis* retroactively applicable to cases on

18

collateral review."); *In re Franklin*, 950 F.3d 909 (6th Cir. 2019) (*citing Tyler v. Cain*, 533 U.S. 656, 664 (2001)); *In Re Matthews*, 934 F.3d 296 (3rd Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) ("taken together, the Supreme Court's holdings in *Davis* and *Welch* 'necessarily dictate' that *Davis* has been 'made' retroactively applicable to criminal cases that became final before *Davis* was announced."); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019), *as revised* (Sept. 30, 2019).

## CONCLUSION

For the reasons set forth above, Mr. Keller respectfully asks this Court to vacate his § 924(c) and § 2261(a) convictions, and to schedule a re-sentencing for his remaining convictions.

> Respectfully submitted and signed
> under penalty of perjury by counsel
> appointed by this court and authorized
> to represent Mr. Keller,
>
> NAKIA KELLER
>
> /s  Arin Melissa Brenner
>
> Arin Melissa Brenner
> NY Bar No. 4990974
> Assistant Federal Public Defender
> Western District of Virginia
> 210 First St., SW, Suite 400
> Roanoke, VA 24011
> Phone: (540) 777-0880
> Fax: (540) 777-0890
>
> *Counsel for Defendant Nakia Keller*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2022, I electronically filed the foregoing Motion with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s  Arin Melissa Brenner