IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:10-cr-00015 |
| ) | |
| NAKIA KELLER ) | |

## REPONSE TO GOVERNMENT'S MOTION TO DISMISS MR. KELLER'S AMENDED PETITION UNDER 28 U.S.C. § 2255

Petitioner, Nakia Keller, through undersigned counsel, asked this Court to set aside the judgment in this case on Counts One, Two, Seven, Eight, and Ten pursuant to 28 U.S.C. § 2255 and *United States v. Davis*, 139 S.Ct. 2319 (2019). The government's claims in their Motion to Dismiss are umavailing and Mr. Keller's convictions on those counts under 18 U.S.C. § 924(c) must be vacated. However, given the Fourth Circuit's recent erroneous holding in *United States v. Jackson,* 32 F.4th 278 (2022), Mr. Keller respectfully requests his petition be held in abeyance until the Circuit has had the opportunity to consider the petition for rehearing en banc to resolve the error.

### ARGUMENT

**I.    There is no bar to Mr. Keller's *Davis* claims as raised in his amended petition.**

The State raises two procedural bars to this Court hearing Mr. Davis' claims brought under *Davis*. Neither is availing.

### A. Mr. Keller has not waived his right to challenge his unconstitutional sentences based on his plea agreement.

Mr. Keller's *Davis* claims are not barred by the collateral attack waiver. In *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992), the Fourth Circuit observed that a valid waiver of appeal and collateral-attack rights does not give the district court boundless discretion in imposing a sentence, and that certain fundamental defects or errors fall into a class of claims that lie beyond the scope of any waiver. *Id*. That class of claims can be divided into two groups: (1) claims that the petitioner's sentence either was "illegal," that is, in excess of the maximum penalty authorized by statute, or (2) claims that the petitioner's sentence was constitutionally impermissible, that is, inconsistent with the constitution as it was understood at the time of sentencing. *See id.*; *United States v. Blick*, 408 F.3d 162, 172–73 (4th Cir. 2005). This claim falls under the first exception. Such claims survive even a knowing and voluntary waiver because they represent "errors that the [petitioner] could not have reasonably contemplated when the plea agreement[ ] w[as] executed." *Blick* at 172.

Moreover, in *United States v. Adams*, the Fourth Circuit held that a collateral review waiver does not bar § 2255 relief when one is actually innocent of the offense of conviction. *United States v. Adams,* 814 F.3d 178 (4th Cir. 2016) (refusing to enforce collateral review waiver because defendant was actually innocent of offense of conviction); *see also United States v. Sweeney*, 833 Fed. Appx. 395 (4th Cir. 2021) (refusing to enforce collateral review waiver because defendant was innocent of § 924(c) offense); *United States v. Reece*, 938 F.3d 630 (5th Cir. 2019) (defendant

2

actually innocent of § 924(c) offense); *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019) (defendant actually innocent of § 924(c) offense. Mr. Keller is actually innocent of Counts One, Two, Seven, Eight, and Ten for the reasons stated below.

Thus, Mr. Keller has not waived his right to collaterally attack his constitutionally infirm sentences.

### B. Mr. Keller has not procedurally defaulted these claims.

The Fourth Circuit has resolved the instant issue in *United States v. Jackson*, where it held that when a claim relies on a new rule that was previously unavailable, there is no procedural default:

> We subsequently held that *Davis* established a new rule of constitutional law made retroactive on collateral review. *See In re Thomas*, 988 F.3d 783, 786 (4th Cir. 2021) . . . For this reason, the Government's first argument, that procedural default bars Jackson's § 2255 motion because he did not raise this issue on direct appeal, fails.

*Jackson,* 32 F.4th at 283.

Regardless, even if this Court finds that Mr. Keller procedurally defaulted his challenges to his constitutionally infirm convictions, a procedurally defaulted claim may nonetheless be raised in a habeas petition where the petitioner shows either (1) cause and actual prejudice, or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Here, Mr. Keller meets both standards.

#### 1. Cause and Prejudice

A petitioner can establish cause for his procedural default by demonstrating that there was no reasonable basis in existing law to bring the claim on direct appeal. *See Reed v. Ross*, 468 U.S. 1, 14-15 (1984). Here, where Supreme Court

precedent foreclosed Mr. Keller's claims, then cause is established because the claim was not reasonably available. *James v. United States*, 550 U.S. 192 (2007) and *Sykes v. United States*, 564 U.S. 1 (2011) had both come out by the time Mr. Keller was sentenced; in both of these cases, the Supreme Court said that the ACCA residual clause was not void for vagueness. In turn, neither were the §§ 924(c)/16(b) residual clauses. The claims below did not exist until *Davis* in 2019, after which Mr. Keller timely filed his § 2255 petition. "That is, 'no one—the government, the judge, or the [defendant]—could reasonably have anticipated *Johnson*.'" *United States v. Goodridge*, 392 F. Supp. 3d 159, 172 (D. Mass. 2019) (quoting *Cross v. United States*, 892 F.3d 288, 295 (7th Cir. 2018) and *United States v. Snyder*, 871 F.3d 1122, 1127 (10th Cir. 2017)). Therefore. cause exists to excuse procedural default with respect to residual challenges to Counts One, Two, Seven, Eight, and Ten. *See also United States v. Milton*, No. 5:95-CR-70074, 2021 WL 1554384, at *12 (W.D. Va. Apr. 20, 2021).

To establish actual prejudice under the "cause and prejudice" test, a petitioner must show that there is a reasonable probability that, without the error, the result of the proceedings would have been different. *Strickler v. Greene*, 527 U.S. 263, 289 (1999). Mr. Keller easily makes that showing because, without the residual clause, he would not have been convicted of below offenses. Moreover, he was sentenced to three life sentences as well as a term of years for these offenses, and thus Mr. Keller was clearly prejudiced by the substantial increase to his prison sentence. *See, e.g., Glover v. United States*, 531 U.S. 198, 200 (2001) (finding prejudice from ineffective

4

assistance of counsel where his sentence was increased by anywhere between 6 and 21 months because "any amount of actual jail time has Sixth Amendment significance").

### 2. Innocence

Even absent a showing of "cause and prejudice," procedural default is excused where there has been a "fundamental miscarriage of justice," as demonstrated by "a convincing showing of actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1931 (2013); *see id.* at 1928 (holding that "actual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar" or the "expiration of the statute of limitations"). "'This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.'" *Id.* at 1931-32 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

The courts of appeals have uniformly held that this showing is satisfied when an intervening change in the law establishes that a petitioner has been "convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011); *see also United States v. Adams,* 814 F.3d at 183 (petitioner was actually innocent of his felon-in-possession conviction because intervening Fourth Circuit precedent established that he was no longer a felon); *Vosgien v. Persson,* 742 F.3d 1131, 1134 (9th Cir. 2014) ("One way a petitioner can demonstrate actual innocence is to show in light of subsequent case law that he cannot, as a matter of law, have

committed the alleged crime."); *Phillips v. United States,* 734 F.3d 573, 582 (6th Cir. 2013) ("One way to establish factual innocence is to show an intervening change in the law that establishes the petitioner's actual innocence.") (internal quotation marks and citation omitted); *United States v. Tyler*, 732 F.3d 241, 246 (3rd Cir. 2014) ("A petitioner can establish that no reasonable juror would have convicted him by demonstrating an intervening change in law that rendered his conduct non-criminal"); *United States v. Avery,* 719 F.3d 1080, 1085 (9th Cir. 2013) ("The government concedes that Avery is actually innocent of honest services fraud in light of *Skilling* [*v. United States*, 561 U.S. 358 (2010)], which confined the reach of the offense to paradigmatic cases of bribes and kickbacks") (citation and internal quotation marks omitted); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) (Supreme Court's intervening decision in *Jones v. United States,* 529 U.S. 848 (2000), which narrowed the interstate commerce element of arson, rendered defendant actually innocent of arson); *Reyes-Requena v. United States,* 243 F.3d 893, 903 (5th Cir. 2001) ("Courts have framed the actual innocence factor differently but the core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law."); *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001) (same).

These decisions are all consistent with the Supreme Court's reasoning in *Davis v. United States,* 417 U.S. 333, 346-47 (1974), which held that when intervening precedent renders conduct that once was criminal no longer criminal, it "inherently results in a complete miscarriage of justice." If the "crime of violence" element of

6

Counts One, Two, Seven, Eight, and Ten cannot be satisfied, then Mr. Keller is also actually innocent of the offenses of conviction.

As the Government's arguments regarding procedural bars are unavailing, the Court can proceed to Mr. Keller's claims on the merits.

## II.  Mr. Keller's petition to dismiss counts Ten, Eight, Seven, Two, and One should be granted.

The Government's attempts to assume, assert, or insist that many of Mr. Keller's convictions were for "crimes of violence," when the documentation in Mr. Keller's case plainly states otherwise, are unavailing. Because prosecutors failed to charge Mr. Keller with specific crimes of violence for his convictions, the Government tries to argue that every statute here should be analyzed under the modified categorical approach, allowing them to look to the facts of the case to supply that uncharged and un-convicted crime of violence. This is contrary to the Fourth Circuit's warning in in *United States v. Hope,* 28 F.4th 487, 503 (4th Cir. 2022), which cautioned that "we need to insist on clear signals— that convince us to a certainty that the elements are correct and support divisibility." *Id.* (quoting *Najera-Rodriguez v. Barr,* 926 F.3d 343, 356 (7th Cir. 2019)).

Because the predicate offenses Mr. Keller was in fact charged with and pleaded guilty to are not categorically "crimes of violence" after *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019), they must be vacated.

## COUNT TEN

The underlying predicate for this § 924(j) conviction is witness tampering resulting in death under 18 U.S.C. § 1512 (a)(1)(C) (as set forth in Count Nine). But

7

this offense fails to qualify as a "crime of violence." Therefore, the § 924(j) conviction cannot be sustained.

In Count Ten, the indictment explicitly references murder under 18 U.S.C. § 1111(a) as part of the predicate offense for which the charge was based. Witness tampering of killing type under 1512(a)(1)(C), where murder is defined to include first degree murder under 18 U.S.C. § 1111, should not qualify as a "crime of violence."

In *United States v. Jackson*, 32 F.4th 278 (4th Cir. 2022), the Fourth Circuit acknowledged that § 1111 includes felony murder (which is not a crime of violence), but held that the statute is divisible between premeditated murder and felony murder. This is in error, contrary to holdings by sister circuits. [1] A petition for rehearing en banc is pending at *US v. Jackson*, 20-9, ECF #69, June 3, 2022. It is indivisible, and thus the categorical approach should be employed.

The panel's decision in *Jackson* misconstrued *Mathis v. United States*, 579 U.S. 500 (2016), and *Schad v. Arizona*, 501 U.S. 624 (1991). *Schad* indeed held the opposite of Jackson; that first degree murder statutes are indivisible, listing alternative means of committing the same crime. This is by design, as Justice Scalia pointed out in his concurrence, to ensure that a killer doesn't go free when all jurors believe that a murder occurred but they disagree on whether the killing was a felony murder versus a premeditated murder. *Schad*, 501 U.S. at 650 (Scalia, J., concurring).[2]

---

[1] *See United States v. Nguyen*, 155 F.3d 1219, 1229 (10th Cir. 1998); *United States v. Thomas*, 34 F.3d 44, 48-49 (2d Cir. 1994).
[2] Although the statute at issue in *Schad* was an Arizona first degree murder statute, the reasoning and logic of *Schad* compels a finding that federal felony murder under § 1111(a) (which is identical to the Arizona statute) is indivisible.

Moreover, the structure of §1111(a) also supports a finding that the statute is indivisible. As *Mathis* explains, when a statute uses a "single umbrella term" which encompasses various modes of violating the statute, this denotes an indivisible offense with alternative means. 570 U.S. at 519. The "single umbrella term" in § 1111(a) is "malice aforethought" that encompasses both felony murder and premeditated murder and reinforces that federal first degree murder is an indivisible offense.

Ultimately, 1111(a) is an indivisible offense that categorically fails to qualify as a crime of violence because it can be committed accidentally via felony murder – a *mens rea* that does not satisfy a "crime of violence" after *Borden v. United States*, 141 S. Ct. 1817 (2021). In turn, § 1512(a)(1)(C) (which incorporates the murder definition under § 1111) does not either. As such, this conviction must be overturned.

## COUNTS SEVEN, EIGHT, AND ONE

These convictions are for interstate domestic violence resulting in death; the statute is indivisible, as it lists alternative means of committing a crime, not separate crimes. It requires the following elements: (1) travel in interstate commerce (2) with the intent to kill, injure, harass, or intimidate, (3) a spouse, intimate partner or dating partner, (4) in the course of or a as a result of travel commits or attempts to commit a crime of violence against the spouse, intimate partner, or dating partner" and (4) death of the victim results.

"The crime of violence" element cannot be satisfied here because the indictment does not specify what the "crime of violence" is. Neither the indictment nor the plea

9

agreement specify the predicate "crime of violence" upon which Mr. Keller's conviction is based. ECF #107 at 7; ECF #147 at 2. The second superseding indictment does not specify what the "crime of violence against Dennis Taylor that resulted in the death of Dennis Taylor" was. See ECF #107 at 7. The plea agreement, while stating that Mr. Keller *traveled* with the intent to kill, does not specific the crime of violence to which he is pleading guilty. It is simply not alleged anywhere in Count Seven, despite the Government's assertions otherwise.

The Government attempts a circular reasoning, claiming that because the statute contains the phrase "crime of violence" it must qualify as a "crime of violence." *See* Motion to Dismiss at 13-14. But the question before this court is not "whether the defendant's conduct *could* support a conviction for a crime of violence" but instead "whether the defendant was *in fact convicted* of a crime that qualifies as a crime of violence." *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (citation omitted).

Further, the "crime of violence" of § 2261 is still defined in 18 U.S.C. § 16. And the Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) held that the residual clause of § 16(b) was unconstitutionally vague. Without a specified "crime of violence" charged, this conviction rests on unconstitutional ground.

Because the "crime of violence" is not alleged, the Government's "crime of violence" analysis is nothing short of wish-fulfillment.[3] The Government failed to

---

[3] The fact that Count Seven charges that the crime of violence "resulted in the death of Dennis Taylor" does not demonstrate that the unspecified crime of violence occurred under the force clause of § 16(a). Many actions that "result" in

10

charge Mr. Keller with a crime of violence. For comparison, in *United States v. Kearney*, 837 Fed. Appx. 975 (4th Cir. 2020) (unpublished), the § 2261(a)(1) charge specifically identified the crime of violence as "murder." To allege an underlying crime of violence on collateral attack now is simply impermissible, as the Fourth Circuit has held that "in a prosecution for interstate domestic violence, the jury is charged with finding, unanimously and beyond a reasonable doubt, the *commission of a specific underlying crime of violence*, as well as the elements of that offense." *United States v. Faulls*, 821 F.3d 502, 514-15 (4th Cir. 2016) (emphasis added).

Without a qualifying predicate "crime of violence," this Court should overturn the conviction under Count Seven as it is constitutionally unsound. *See e.g., Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) (holding that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement").

As to Count Eight, this § 924 conviction rests on the predicate "crime of violence" in Count Seven. But there is no "crime of violence" specified in Count Seven. Because Count Seven is invalid, and the elements of Count Seven are incorporated into Count Eight, it necessarily follows that Count Eight must also fall. Both convictions must be overturned.

Finally, the conviction under Count One is for conspiracy to commit

---

violence or death may be completed with a mens rea of recklessness, and they would not qualify as crimes of violence. *Borden v. United States*, 141 S. Ct. 1817 (2021).

11

interstate violence. Like the above counts, this conviction is fatally flawed: without a specific underlying crime of violence, a necessary element of interstate domestic violence, there can be no conspiracy to commit same. *See Faulls*, 821 F.3d at 514-15. Moreover, because the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague and his conviction under Count 7 does not meet the definition of § 16(a)'s force clause, Mr. Keller's conviction under Count One as conspiracy to commit interstate violence is unconstitutionally imposed.

## COUNT TWO

This conviction is for use of a firearm during and in relation to Counts One, Three, Seven, and Nine. The Government concedes this count cannot be sustained in relation to counts One and Three. *See* Motion to Dismiss at 16. However, as established above, Counts One and Seven are void; therefore, it necessarily follows that Count Two also cannot be sustained based on Counts One and Seven. Likewise, Count Two cannot be sustained based on Counts Three and Nine (§ 1512(c)(1) witness tampering resulting in death) because as explained above, the charge incorporates felony murder via 18 U.S.C. § 1111 – which includes accidental death, and is not a categorical "crime of violence." As there are no "crimes of violence" to constitutionally sustain this count, it must be vacated.

## CONCLUSION

Because five of the counts to which Mr. Keller pleaded guilty are constitutionally infirm, this Court should vacate Mr. Keller's sentence on all counts under the sentencing package doctrine and conduct a resentencing. *See Dean v.*

*United States*, 137 S. Ct. 1170, 1176 (2017); *United States v. Smith*, 115 F.3d 241, 244 (4th Cir. 1997). However, given that the Fourth Circuit opinion in *Jackson* holding that §1111 is divisible was contrary to the Supreme Court's opinion in *Schad v. Arizona*, 501 U.S. 624 (1991) and created a circuit split, Mr. Keller respectfully requests his petition be held in abeyance until the petition for rehearing en banc is granted and the issue resolved.

    Respectfully submitted and signed under penalty of perjury by counsel appointed by this court and authorized to represent Mr. Keller,

NAKIA KELLER

/s Arin Melissa Brenner

Arin Melissa Brenner
NY Bar No. 4990974
Assistant Federal Public Defender
Western District of Virginia
210 First St., SW, Suite 400
Roanoke, VA 24011
Phone: (540) 777-0880
Fax: (540) 777-0890

*Counsel for Defendant Nakia Keller*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of June, 2022, I electronically filed the foregoing Motion with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s Arin Melissa Brenner