IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> v. </br></br> NAKIA HEATH KELLER, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> )   Criminal Action No. 5:10-cr-00015 </br> ) </br> ) </br> )   By:  Elizabeth K. Dillon </br> )         United States District Judge </br> ) |

**ORDER DENYING MOTION TO CORRECT JUDGMENT**

Defendant Nakia Heath Keller was sentenced in 2012 to several life sentences. Included in his sentence was a restitution payment in the amount of $11,521.59. (Dkt. No. 256 at 6–7.) Defendant has filed a motion claiming that the sentencing court erred by not ordering that he and his co-defendant are each liable for only half of the total restitution amount. (Dkt. No. 430.) He seeks relief pursuant to Federal Rule of Criminal Procedure 36, which allows the court "at any time to correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

The basis for defendant's motion is his contention that the court stated at his sentencing hearing that Keller and his co-defendant, Lorie Ann Taylor Keller, shall each pay half of the restitution ordered. The court has reviewed the transcript for Keller's sentencing hearing. (*See* 9/6/12 Sentencing Tr., Dkt. No. 274.) Regarding restitution, the court noted that there was "no objection to the imposition of restitution" in the amount of $11,529.59. (Tr. 27.) In handing down the sentence, the court directly stated: "I am going to impose restitution in the amount of $11,521.59." (*Id.* at 30.) Later, the court stated that it would "order that you pay restitution in the amount of $11,521.59, payable to Mike Whetzel, for funeral expenses for the little girl, and

also for time lost in preparation of the funeral." (*Id.* at 32.) The court said nothing about Keller being liable for only half of the restitution amount. The judgment reflects joint and several liability between Keller and his co-defendant. (Dkt. No. 256 at 7.)

For these reasons, it is HEREBY ORDERED that Keller's motion to correct the judgment (Dkt. No. 430) is DENIED.

Entered: June 14, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

2