IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:10-cr-00015 |
| | ) | |
| NAKIA HEATH KELLER | ) | |

**MEMORANDUM OPINION**

Nakia Heath Keller ("Keller") is serving several life sentences, imposed after he pled guilty to numerous offenses related to the murder of three people. Keller moves the court under 28 U.S.C. § 2255 to vacate five counts of conviction, to vacate his sentence, and to resentence him on all counts. The government moves to dismiss Keller's § 2255 motion. The court will grant the government's motion and deny Keller's § 2255 motion and amended motion. The court also will deny a certificate of appealability.

## I.  BACKGROUND

Keller and his co-defendant, Lorie Ann Taylor Keller, wrote a plan of how they planned to kill the latter's ex-husband, Dennis Taylor. (Dkt. No. 107). As part of that plan, defendants purchased a firearm and traveled from Virginia to Taylor's residence in West Virginia. On October 23, 2009, the defendants entered Taylor's home and killed him and his wife, Allaina Whetzel Taylor. The defendants also murdered Kaylee Whetzel, Allaina's five-year-old daughter from a previous marriage. Defendants then set the home on fire. For these and related acts, Keller was charged with the following counts in the second superseding indictment (Dkt. No. 107), and those listed in bold are the five counts he challenges in his § 2255 motion:

- **Count 1: Conspiracy to Commit Interstate Domestic Violence, in violation of 18 U.S.C. § 371;**

- **Count 2: Conspiracy to Carry and Use a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(o);**

- Count 3: Conspiracy to Kill Witnesses, in violation of 18 U.S.C. § 1512(k);

- Count 4: Conspiracy to Tamper with Witnesses, in violation of 18 U.S.C. § 1512(k);

- Count 5: Conspiracy to Tamper with Evidence, in violation of § 1512(k);

- Count 6: Conspiracy to Use Fire to Commit a Felony, in violation of 18 U.S.C. § 844(m);

- **Count 7: Interstate Domestic Violence Resulting in Death, in violation of 18 U.S.C. §§ 2261(a)(1), 2261(b)(1) and 2261(b)(2);**

- **Count 8: Carry and Use of a Firearm in Relation to a Crime of Violence- Interstate Domestic Violence- in violation of 18 U.S.C. §§ 924(c) and 924(j)(1);**

- Count 9: Murdering a Witness, in violation of 18 U.S.C. § 1512(a)(1)(C);

- **Count 10: Use of a Firearm in Relation to a Crime of Violence -Murder of a Witness- in violation of 18 U.S.C. §§ 924(c) and 924(j)(1);**

- Count 11: Murder of a Witness, in violation of 18 U.S.C. § 1512(a)(1)(C);

- Count 12: Use of a Firearm in Relation to a Crime of Violence – Murder of Witness in violation of 18 U.S.C. §§ 924(c) and 924(j)(1);

- Count 13: Tamper with Witnesses in violation of 18 U.S.C. § 1512(b)(3);

- Count 14: Tamper with Evidence in violation of 18 U.S.C. § 1512(c);

- Count 15: Use of Fire During the Commission of a Felony, in violation of 18 U.S.C. § 844(h);

- Count 16: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

(2nd Superseding Indictment, Dkt. No. 107.)

In exchange for the dismissal of counts eleven and twelve,[1] Keller pleaded guilty to the remaining counts.  As part of his guilty plea, Keller waived his right to appeal his sentence, leaving only appeals that cannot be waived by law as well as his right to appeal due to inadequate assistance of counsel.  (Dkt. Nos. 147, 256).  Keller also explicitly waived his rights to collaterally attack his sentence.  When asked by the court if he intended to give up his right to collaterally attack his sentence, Keller replied, "Yes, sir, I do."  (Guilty Plea Tr. 23–24, Dkt. No. 272).  Keller has filed two previous § 2255 motions seeking to overturn his convictions or reduce his sentence.  (Dkt. Nos. 282, 355).  In these motions, Keller asserted that, among other claims, he received inadequate assistance from his attorneys, he was actually innocent of the charged crimes, and that his restitution was unconnected to the crimes to which he pleaded guilty.  (Dkt. No. 319).  The court denied his initial motion on its merits (Dkt. No. 320), and it denied his second motion as successive and without authorization (Dkt. No. 356).

On April 21, 2021, the Fourth Circuit granted Keller's motion for authorization to file a successive § 2255 motion.  (Dkt. No. 388.)  The Fourth Circuit found that "Keller has made a prima facie showing that the new rule of constitutional law announced in *United States v. Davis*, 139 S. Ct. 2319 (2019), and determined to be retroactively applicable to cases on collateral review, *see In re Thomas*, 988 F.3d 783, 788–90 (4th Cir. 2021), may apply to his case."  (*Id.*)  Pursuant to that authorization, Keller filed a § 2255 motion on May 13, 2021, and moved to amend on July 6, 2021.  (Dkt. Nos. 391, 398.)  The court granted the motion to amend, over the government's objection, on December 3, 2021.  (Dkt. No. 422.)

Keller argues that five of his convictions rely on unconstitutionally vague law and ought to be overturned.  Specifically, Keller argues that pursuant to *Davis*, Counts 1, 2, 7, 8, and 10 are

---

[1] These two counts stemmed from the murder of 5-year-old Kaylee Whetzel.  (Plea Agreement 4, Dkt. No. 147.)

premised on an unconstitutional definition of a crime of violence.  Keller asks that the court

vacate his entire sentence and resentence him without those counts.  (Dkt. No. 429.)

## II.  ANALYSIS

### A.  Section 2255

As noted, Keller has been permitted to file this latest § 2255 motion by the Fourth

Circuit.  *See* § 2255(h)(2) (allowing a subsequent § 2255 motion when it relies on "a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable").  Specifically, the Fourth Circuit found that under *In re Thomas,* the

ruling in *Davis* constituted a new rule of constitutional law and ought to be applied retroactively.

988 F.3d at 788.  A § 2255 petitioner bears the burden of establishing his claims by a

preponderance of the evidence.  *See Vanater v. Boles,* 377 F.2d 898, 900 (4th Cir. 1967).

### B.  Keller's Waiver of His Right to Collaterally Attack His Sentence

The parties first dispute whether Keller's motion is barred because he waived his right to

collaterally attack his sentence in his plea agreement.  Notably, this court has already held, in

denying Keller's first § 2255 motion, that certain challenges to his conviction and sentence were

validly waived in his plea agreement.  (Dkt. No. 319; *see also* Dkt. No. 277 (Fourth Circuit

opinion on direct appeal concluding that "the district court complied with Rule 11's

requirements").)  Keller offers nothing new in this proceeding that calls into question the court's

prior ruling.  Accordingly, the court concludes that Keller's waiver of § 2255 rights is valid and

enforceable.

There are a narrow group of claims that can proceed despite a valid waiver, however.

They include that the sentence was imposed in excess of the maximum penalty provided by law,

that the sentence was based on a constitutionally impermissible factor such as race, or claims that

the defendant was deprived of effective assistance of counsel at a proceeding following the entry

4

of the waiver, such as at sentencing.  *United States v. Lemaster*, 403 F.3d 216, 220 n.2 (4th Cir. 2005).  None of Keller's claims fall within these narrow categories.

The Fourth Circuit also "will refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice," which would include a proper showing of "actual innocence."  *United States v Adams*, 814 F.3d 178, 182 (4th Cir. 2016).  And a meritorious claim that a predicate conviction was invalid, such that a defendant should not have been convicted of an offense that required the predicate, would fall outside the scope of a waiver.  *Id.* at 183 (citing *Miller v. United States*, 735 F.3d 141 (4th Cir. 2016)); *United States v. Sweeney*, 833 F. App'x 395, 397 (4th Cir. 2021) (concluding that where movant's § 924(c) conviction was not supported by a valid predicate, he had made a proper showing of actual innocence and so declining to enforce a waiver of collateral appeal rights).

Here, however, as discussed next, the court concludes that Keller's claims lack merit.  As a result, he is not "actually innocent" and enforcement of his waiver would not result in a "miscarriage of justice."  Thus, all of Keller's claims are barred because he validly waived his right to bring them.

**C.  Procedural Default**

As a separate ground for denying Keller's § 2255 motion, the United States contends that he procedurally defaulted his claims and cannot show either cause and prejudice for that default, or actual innocence.  But the Fourth Circuit has recently held that where a claim is made pursuant to a new rule of constitutional law made retroactive on collateral review, the claim is not procedurally defaulted for not having been brought on direct appeal.  *United States v. Jackson*, 32 F. 4th 278, 283 & n.3 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 1026 (2023).  Thus, Keller's claims—at least those that are properly based on *Davis*, as made retroactive in *Thomas*—are not procedurally defaulted.

5

**D.  Merits of Keller's Claims**

Setting aside the issues of his waiver and procedural default, Keller's claims are subject to dismissal because they all fail on their merits.  Keller's petition relies on recent Supreme Court rulings altering what crimes can be considered a crime of violence.  In *Johnson v. United States*, the court found the residual clause, defining violent felony in 18 U.S.C. § 924(e)(2)(B), to be unconstitutionally vague.  576 U.S. 591, 597 (2015).  The court expanded the *Johnson* ruling in *Sessions v. Dimaya*, finding that the residual clause (subsection (b)) in the definition of crime of violence in 18 U.S.C. § 16 was unconstitutionally vague.  138 S. Ct. 1204, 1215 (2018).  Finally, in *Davis*, the court applied the logic of *Dimaya* and found the residual clause in 18 U.S.C. § 924(c)(3)(b) was unconstitutionally vague.  139 S. Ct. at 2323.  As a result of these combined holdings, a predicate offense or prior offense is only a "crime of violence" as defined in these statutes if it satisfies the "force clause," which is nearly identical in all three statutes.  Specifically, a prior crime must be a felony "that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(a); 18 U.S.C. § 16(a).  The Fourth Circuit has determined that *Davis* applies retroactively.  *In re Thomas*, 988 F.3d 783, 788 (4th Cir. 2021).

In his amended § 2255 petition, filed by and through counsel, Keller argues that Counts 1, 2, 7, 8, and 10 rely for their validity on predicate crimes that do not qualify as crimes of violence under the force clause.  Accordingly, his argument continues, his convictions and sentences on these counts must be vacated, and he should be resentenced.

**1.  Analytical Framework**

Before turning to the specific offenses Keller challenges, the court briefly sets forth the proper analytical framework.  In determining whether a crime is a "crime of violence" under the force clause, the court uses the categorical approach.  "If the minimum conduct necessary to

sustain a conviction under the predicate statute does not require the use, attempted use, or threatened use of force, then the offense is not categorically a crime of violence under the force clause." *United States v. Bryant*, 949 F.3d 168, 173 (4th Cir. 2020) (internal citations omitted). For this analysis, the court must look at the statute generally and avoid considering specifically whether the defendant's conduct was violent. *Id*. Simply put, a crime is a crime of violence if "the government must prove, as an *element* of its case, the use, attempted use, or threatened use of force." *United States v. Taylor,* 142 S. Ct. 2015 (2022).

A slightly different approach, the "modified categorical approach," is required if a statute is divisible into distinct crimes. "Divisible statutes set forth 'multiple, alternative versions of the crime' with distinct elements while indivisible statutes merely set out different means of completing the crime." *Jackson*, 32 F.4th at 284 (citing *Descamps v. United States*, 570 U.S. 254, 262 (2013)). This modified categorical approach "permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction [or predicate conviction]. The court can then do what the categorical approach demands . . . ." *Descamps*, 570 U.S. at 257.

### 2.  Count 8

Count 8 charged Keller with a § 924(c) violation—"carrying and using a firearm in relation to a crime of violence." (2nd Superseding Indictment 7.) The crime of violence is described as "interstate domestic violence, as set forth in Count 7 of this indictment which is realleged and incorporated by reference herein . . . and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Dennis Taylor by shooting him with a firearm willfully, deliberately, maliciously, and with premeditation."

According to Keller, Count 8 is only constitutional if the conviction in Count 7 is categorically a crime of violence under the force clause.  If, however, "§ 2261(a)(1) can be committed without violent physical force, it cannot be the predicate offense for Count 8, rendering that count unconstitutionally imposed."  (Am. § 2255 Mot. 6–7, Dkt. No. 429.)

The United States disagrees with that analysis.  It contends that the charged predicate crime is premeditated murder under § 1111.  (Mot. Dismiss 12, Dkt. No. 439.)   It also states that even if the court defines the predicate crime as Count 7, which charges "interstate domestic violence resulting in death, in violation of §§ 2261(a)(1) and 2261(b)(1)," the conviction in Count 8 must stand.  This is so because §§ 2261(a)(1) and (b)(1), to which Keller pled guilty in Count 7, include an intent to kill, the commission of a crime of violence, and the resulting "death of the victim."

The court looks to the language of Count 8 to determine what the predicate offense is.  To be sure, Count 8 references both Count 7, "interstate domestic violence," and murder under 18 U.S.C. § 1111.  Arguably, then, both § 2261(a)(1) and § 1111 are predicates.  In that case, so long as one of the predicates to which he pled guilty is a crime of violence, the conviction need not be disturbed.  *United States v. Crawley*, 2 F. 4th 257, 263 (4th Cir. 2021) (holding that where a defendant pleads guilty to a § 924(c) offense expressly based on more than one predicate, the conviction remains sound if there remains at least one valid predicate).  As the court explains next, it finds that both of those crimes are crimes of violence that could support the validity of Count 8.

### a.  Premeditated Murder Is a Crime of Violence.

If murder is one of the predicates, it is clear that premeditated murder qualifies as a "crime of violence."  Indeed, the Fourth Circuit's decision in *Jackson*, 32 F.4th 278, is

8

dispositive of this issue.[2]  In *Jackson*, the court affirmed the district court's denial of Jackson's

successive § 2255 motion, which the Fourth Circuit had previously granted authorization to file.

*Id.* at 281 (noting affirmance), 282 (describing prior authorization).  Jackson had been convicted

under § 924(c), and the Fourth Circuit addressed whether his underlying conviction for first-

degree murder was a qualifying "crime of violence."  *Id.* at 284.

The *Jackson* Court first concluded that § 1111(a) was a divisible statute and that it set

forth four separate versions of the offense of first-degree murder.[3]  In particular, the first

component "sets out premeditated murder as a type of first-degree murder, while the second

component sets out felony murder as a type of first-degree murder."  *Id.* at 285.  Having found

the statute divisible, the *Jackson* Court applied the modified categorial approach, allowing it to

consider certain documents approved in *Shepard v. United States*, 544 U.S. 13, 21–23 (2005), to

determine under which subset Jackson's conviction fell.  Based on the verdict sheet, the court

found it plain that the jury unanimously found that Jackson committed premeditated murder.  *Id.*

at 287.

Further, the court stated, "Undoubtedly, federal premeditated first-degree murder is a

---

[2]  At the time Keller filed his reply, *Jackson* was subject to a pending petition for rehearing.  Keller insisted that *Jackson* was wrongly decided, and he requested that the court hold the § 2255 motion in abeyance pending a decision on that petition.  (Reply 1, 8, Dkt. No. 443.)  Since then, the petition for rehearing was denied, as was Jackson's petition for writ of certiorari with the Supreme Court.

[3]  The statute is set forth below, and each of the portions preceding a semi-colon was determined to be one of the four types of first-degree murder:

> (a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.
> Any other murder is murder in the second degree.

18 U.S.C. § 1111(a).

'crime of violence.'"  *Id.*  Thus, because "premeditated murder in violation of § 1111(a) is categorically a 'crime of violence[,]'" it was "sufficient to support Jackson's convictions under §§ 924(c) and (j)."  *Id.*

Applying *Jackson* here, the court must use the modified categorical approach to determine the version of murder to which Keller pled guilty and was convicted.  To make that determination, the court may review *Shepard*-approved documents.  In the case of a guilty plea, like here, those documents include "the charging document, the terms of a plea agreement, or transcript of [plea] colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *United States v. Dudley*, 5 F.4th 1249, 1257 (4th Cir. 2021).[4]

In reviewing the approved documents for Keller, the second superseding indictment makes clear that he was charged with, and convicted of, premeditated murder.  Murder is referenced in the indictment and repeatedly described as being conducted "with malice aforethought" and "willfully, deliberately, maliciously, and with premeditation."  (*See, e.g.*, 2nd Superseding Indictment 4, 7, 8, 9, 10).  Consistent with this, at his guilty plea hearing, Keller admitted to planning the murders with his co-defendant, buying his co-defendant the gun, and distracting the victims while his co-defendant shot them.  He further admitted that he did all of these things "with the understanding that it was likely that these individuals would be murdered." (Plea Tr. 38–39.)  He specifically agreed that the killing of Dennis Taylor "was malicious and committed with premeditation" and that victim Allaina Whetzel was killed to prevent her from communicating to federal law enforcement officers information relating to a commission of a

---

[4]  "Once the court determines which of the alternative statutory elements formed the basis of defendant's conviction, it . . . [then] must compare the elements of the crime of conviction with the elements of the generic crime to determine whether it qualifies under the force clause."  *Dudley*, 5 F. 4th at 1257–58.  Here, of course, and because the court concludes that Keller pled guilty to premeditated murder, *Jackson* is dispositive of the second portion of that analysis.  As noted, *Jackson* already has held that premeditated murder is categorically a crime of violence.

federal crime.  (*Id.* at 40–41.)[5]

Keller further agreed that the evidence forecast in the government's proffer could be put

forth at trial and that it would be sufficient to establish his guilt under each count to which he

was pleading guilty.  (*Id.* at 48.)  That proffer included numerous facts to show that Keller and

his co-defendant planned the murders of Dennis Taylor and Allaina Whetzel months in advance,

took significant steps toward achieving that plan, including purchasing a firearm and practicing

using it, and then traveled across state lines to kill their victims.  Immediately thereafter, they set

fire to the residence in an effort to conceal the crimes, took various other steps to destroy or

conceal evidence, and encouraged others to provide false alibis.  (*Id.* at 42–46.)

Based on *Shepard*-approved documents, then, it is clear that the murders of Taylor and

Allaina Whetzel, to which Keller pled guilty, were premeditated murders.  Pursuant to *Jackson*,

those murders remain crimes of violence, even after *Davis*.  Thus, if the United States is correct

and the predicate offense for the § 924(c) offense in Count 8 is murder under § 1111, then it is a

valid predicate and the conviction must stand.

**b.  Interstate domestic violence resulting in death is a crime of violence.**

Another plausible reading of the indictment, though, is that the murder offense is

referenced and included because *that* offense is the crime of violence required for, and

supporting, the interstate domestic violence charge.  Put differently, perhaps it is really the

interstate domestic violence charge (§§ 2261(a)(1), 2261(b)(1) and (2)) that serves as the

predicate for the § 924(c) offense in Count 8.  If so, that offense itself requires a "crime of

violence," and the the murder is the "crime of violence" on which the § 2261(a)(1) charge relies.

Even if it is the § 2261(a)(1) charge that must be a crime of violence, the court concludes

---

[5]  Keller further admitted that he tampered with witnesses, destroyed evidence, and set fire to the home
after the murders.  (*Id.* at 39–40.)

that it qualifies.  As relevant here, § 2261(a) allows conviction if the defendant "travels in

interstate . . . commerce . . with the intent to kill, injure, harass, or intimidate a spouse, intimate

partner, or dating partner, and . . . in the course of or as a result of such travel or presence,

commits or attempts to commit a crime of violence against that spouse, intimate partner, or

dating partner . . . ."  Section 2261(b)(1) adds the additional element of "death of the victim

results."  And in Count 7, all of that language is present.

In nearly identical circumstances, the Fourth Circuit has held, albeit in an unpublished

decision, that a § 2261(a)(1) conviction premised on the defendant's committing murder is a

crime of violence for purposes of § 924(c).  *United States v. Kearney*, 837 F. App'x 975 (4th Cir.

2020).  The defendant in *Kearney*, like Keller, pled guilty to a § 924(c) charge where the

underlying "crime of violence" was described in the indictment as "the discharge of a firearm

causing the death of [the victim], during and in relation to the crime of interstate travel to commit

domestic violence resulting in death" and included a reference to the § 2261 count.  *Id.* at 979.

The defendant there, like Keller, argued that § 2261(a) fails to constitute a crime of violence to

support the § 924(c) conviction because the "'full range of conduct' under § 2261 does not

require the use of violent physical force."  *Id.*

The court rejected that argument, and its reasoning is equally apt here:

> [C]ount one requires the commission of a crime of violence—
> murder. And a crime that requires the commission of a crime of
> violence in every case must necessarily itself be a crime of
> violence. We addressed this point generally in *United States v. Faulls*, where
> we determined that interstate domestic violence in violation of 18
> U.S.C. § 2261(a)(2) requires a defendant to have committed an
> underlying crime of violence. *United States v. Faulls*, 821 F.3d 502,
> 514–15 (4th Cir. 2016). Indeed, the requirement of a "crime of
> violence" in § 2261 is precisely what distinguishes it, for example,
> from 18 U.S.C. § 2261A, which similarly prohibits interstate travel
> with the intent to injure or harass another person, but without the
> need for the commission of a crime of violence. "Importantly," as
> we held in *Faulls*, "in a prosecution for interstate domestic violence,

12

the jury is charged with finding, unanimously and beyond a reasonable doubt, the commission of a specific underlying crime of violence, as well as the elements of that offense." *Id*. The same is true here. A guilty verdict necessarily required the jury to find that Kearney committed a crime of violence.

*Kearney*, 837 F. App'x at 979. So, too, here. Keller's guilty plea to the charge of § 2262(a)(1) "necessarily" requires an admission that the defendant "committed a crime of violence." *See* 837 F. App'x at 979.

The *Faulls* court provides an additional, distinct rationale for determining that Keller's § 2261(a) offense was a crime of violence. Specifically, the court determined that § 2261(a) was divisible based on what underlying crime of violence is committed. *United States v. Faulls*, 821 F.3d 502, 515 (4th Cir. 2016) (explaining that § 2261(a) "consists of multiple alternative elements, as we define them for modified categorical approach purposes"). And the court can look to *Shephard*-approved documents to determine what the underlying crime of violence was.

As discussed above, the indictment and the guilty plea make clear that the "crime of violence" for § 2261(a)(1) of which Keller was convicted was premeditated murder. So, even if Keller is correct that the proper predicate for Count 8 is the § 2261(a)(1) conviction in Count 7, and not murder, the conviction in Count 7 is also a crime of violence.

Keller insists that *Kearney* does not control and is factually distinguishable because the § 2261 count there specifically identified the underlying crime of violence as "murder," while the indictment here "failed to charge Mr. Keller with a crime of violence." (Resp. to Mot. Dismiss 10–11, Dkt. No. 443.) Keller's argument, however, is based on a hyper-technical reading of the indictment.

He is correct that Count 7 itself does not use the word murder, nor does it specify a specific crime of violence. Instead, Count 7 states that defendants "committed a crime of violence against Dennis Taylor that resulted in the death of Dennis Taylor." The Count also

references their traveling "with the intent to kill, injure, harass, and intimidate." But when determining the validity of Count 8, it is noteworthy that Count 8 refers to Count 7 *and also* expressly states that, in the course of "this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Dennis Taylor by shooting him with a firearm willfully, deliberately, maliciously, and with premeditation." Thus, Count 8 makes plain that the underlying "crime of violence" for the § 2261(a) offense in Count 7 is premeditated murder. *Cf. United States v. Kerns*, 9 F.4th 342, 350 (6th Cir. 2021) (rejecting § 2255 claimant's challenge to § 924(c) where § 2261(a)(1) was the underlying crime of violence and where the court did not inform him of the specific "crime of violence" the government believes he committed or attempted to commit under § 2261(a)(1)). And Keller pled guilty to all of this conduct in Count 8. *See id.* at 350–51 (explaining that even if the district court should have informed him of the specific crime that could serve as a crime of violence for § 2261, the petitioner had "not pointed to any record evidence suggesting that he would have not entered his guilty plea to § 924(c)(1)(A) had he been supplied with this information"). For these reasons, the court sees no basis for invalidating Count 8.

Moreover, as noted by the United States, the interstate domestic violence crimes here were charged as "resulting in death." And the Fourth Circuit has held that "one cannot unlawfully kill another human being without a use of physical force capable of causing pain or injury to another." *In re Irby*, 858 F.3d 231, 237–38 (4th Cir. 2017); *Mathis*, 932 F.3d at 265 (holding that Virginia's first-degree murder statute, Va. Code § 18.2-32, which mirrors the federal murder statute, categorically meets the requirements of the force clause).[6] For this reason,

---

[6] The court recognizes that these decisions predate *United States v. Borden*, in which the Supreme Court held that a criminal offense that requires only a mens rea of recklessness cannot qualify as a "violent felony" under the force clause. 141 S. Ct. 1817 (2021); *see Jackson*, 32 F. 4th at 283 (noting same). Indeed, Keller cites to

too, Keller's conviction in Count 7 was for a crime of violence, and it is a proper predicate for the § 924(c) conviction in Count 8.  The conviction is not infirm.

Lastly, the United States argues that § 2261(a)(1) is categorically a crime of violence because it includes an attempted or committed "crime of violence" as one of its elements.  (Mot. Dismiss 13–14.)  As the *Kearney* court explained, this is yet another reason why this offense is categorically a crime of violence.  837 F. App'x at 979 ("[A] crime that requires the commission of a crime of violence in every case must necessarily itself be a crime of violence."); *see also Jacobs v. United States*, No. 20-5761, 2021 WL 5014093, at \*5 (6th Cir. 2021) (explaining that under the current version of § 2261(a),[7] "a conviction under § 2261(a) would necessarily constitute a crime of violence for purposes of § 924(c)(3)(A) because it would require the defendant to have committed an underlying crime of violence under the identical elements clause in § 16(a)").  *But cf. Bailey v. United States*, No. 2:16-cv-06190, 2019 WL 4058599, at \*5 (S.D. W. Va. Aug. 28, 2019) (vacating an interstate domestic violence conviction because the underlying predicate offense, federal kidnapping, was not categorically a crime of violence under 18 U.S.C. § 16).  For this reason, too, Keller's conviction in Count 8 is not infirm.

### 3.  Count 7

As already discussed, Keller was convicted in Count 7 of interstate domestic violence

---

*Borden* for support of the proposition that the language in Count 7 alone, where actions "result in death" may be completed with a mens rea of recklessness and would not qualify as crimes of violence.  *But cf. United States v. Griffin*, No. 217CR20639TGBMKM, 2022 WL 2071054, at \*6 (E.D. Mich. June 8, 2022) (addressing, post-*Borden*, the interstate domestic stalking statute, § 2261A, and concluding that where the charge is a violation of that statute that results in death, § 2261A is categorically a crime of violence).  As noted, the court believes that Counts 7 and 8 must be read in conjunction with each other, and doing so, it is clear that the United States charged, and Keller pled guilty to, committing premeditated murder as the crime of violence under § 2261.  But even if Count 7 must be read in isolation, only Count 7 would be affected, not Count 8.  Count 8 refers both to § 2261(a) and to murder in violation of § 1111.

[7]  Prior to 2000, § 2261(a) had referred to "bodily injury," but the statute was amended in 2000 into the version it is today.  *See* Pub. L. 106-386, § 1107(a), 114 Stat. 1464 (2000).  Thus, the version in effect at the time of the offenses here—in 2009—is identical in all relevant respect to the one in effect today.  The only amendment was in 2013, and it simply added the words "is present" in subsection (a)(1) and the words "or presence" in subsection (a)(2).  *See* Pub. L. 113-4, 127 Stat. 54 (2013).

resulting in death, as defined in 18 U.S.C. § 2261(a)(1) and punished in § 2261(b)(1).  His direct challenge to Count 7 is similar to the one the court just discussed as to Count 8: he argues that Count 7 itself requires a predicate crime of violence, but that no "specific crime" is listed in that count of the indictment, and that the language included (about the crime of violence "result[ing] in the death of Dennis Taylor") is insufficient to ensure that a crime of violence was committed.[8] As noted, though, the count refers to an intent to kill and also references that the result of the offense was death *and* murder is referenced in Count 8, which refers back to and incorporates Count 7.  Thus, the indictment sufficiently identifies the crime of violence in Count 7 as murder.

In any event, the court concludes that at least a portion of Keller's challenge to Count 7 is not properly before this court.  In particular, the constitutionality of the residual clause does not affect whether Count 7 was deficient for not stating a crime of violence in that count of the indictment.  Such a claim is unrelated to Supreme Court's ruling in *Davis* and as such does not address a new rule of constitutional law.  Moreover, Keller's objection to Count 7's lack of specificity as to the incorporated crime of violence could have been brought with his first § 2255 motion, but it was not.  (Dkt.  No. 319.)  Thus, it is procedurally barred and the court concludes that he has shown neither cause and prejudice, nor actual innocence so as to assert this claim in his current petition.  For all of these reasons, the court will not vacate the conviction in Count 7.[9]

---

[8]  Technically, the statute only requires that he *either* attempt to commit *or* commit a crime of violence. *See United States v. Mink*, No. 3:17-CR-00101-SHL-SBJ, 2023 WL 3750123, at *4 (S.D. Iowa Apr. 25, 2023).

[9]  Even if Count 7 and/or Count 1, discussed *infra*, are infirm and should be set aside as a result of their failure to specifically reference the word "murder" or to refer back to § 1111, it makes no practical difference in Keller's sentence.  (*See* Mot. Dismiss 3–4 (setting out each count and the sentence received); Judgment, Dkt. No. 256.)  His total sentence was three life sentences, plus an additional 120 months.  He was sentenced to 60 months on Count 1 and one term of life imprisonment on Count 7.

### 4. Count 10

Count 10 alleges violations of § 924(c) and § 924(j)(1),[10] alleging that Keller carried and used a firearm to commit a violent offense, and it relies on, and incorporates, Count 9 as the underlying crime of violence. Specifically, Count 10 describes the crime of violence as:

> killing a witness, as set forth in Count 9 of this indictment, which is realleged and incorporated by reference herein . . . and in this [sic] course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Allaina Whetzel Taylor by shooting her with a firearm willfully, deliberately, maliciously, and with premedication.

(2nd Superseding Indictment 9.) Count 9, in turn, charges Keller with murdering a witness in violation of 18 U.S.C. § 1512(a)(1)(C); specifically refers to the federal murder statute (§ 1111); and repeats the same language, describing that "defendants, with malice aforethought, did unlawfully kill Allaina Whetzel Taylor by shooting her [with] a firearm willfully, deliberately, maliciously, and with premedition." Thus, Count 9, too, alleges a premeditated murder committed with malice aforethought. (*See id.* at 8.)

The parties appear to agree that the predicate for Count 10 is murder in violation of § 1111. (Mot. Dismiss 9–11; Am. § 2255 Mot. 9–12.) As noted above, the Fourth Circuit has squarely held that premeditated murder is categorially a crime of violence. *Jackson*, 32 F. 4th at 287. And, as discussed above, the charging document and his admissions during his guilty plea hearing make clear that Keller was charged with, and convicted of, premeditated murder in Count 9. As noted, Keller believes *Jackson* was wrongly decided, but it is nonetheless binding on this court.

This conclusion—that Keller's conviction in Count 10 is valid—remains the same if the

---

[10] Section 924(j)(1) is an enhanced punishment provision for violations of § 924(c) where the defendant causes the death of a person and "the killing is a murder," as opposed to manslaughter.

predicate is more properly viewed as § 1512(a)(1)(C).  To establish a violation of

§ 1512(a)(1)(C), the government must prove: (1) a killing or attempted killing, (2) committed

with a particular intent, namely, an intent (a) to prevent a communication (b) about the

commission or possible commission of a Federal offense (c) to a federal law enforcement officer

or judge.  *Fowler v. United States*, 563 U.S. 668, 672 (2011).  The Fourth Circuit has explicitly

held that this statute is a crime of violence under the force clause.  *United States v. Mathis*, 932

F.3d 242, 265 (4th Cir. 2019) ("[F]ederal witness tampering by murder also requires the

unlawful killing of another, which may be accomplished by force exerted either directly or

indirectly").  Thus, if that crime is the predicate for Count 10, then it is a crime of violence and

supports the conviction in Count 10.

Because Count 9 remains a crime of violence, even after *Davis*, it is a valid predicate for

Count 10.  There is no basis for setting aside Keller's conviction in Count 10.

### 5.  Count 2

Count 2 charged Keller with conspiracy to carry and use a firearm in relation to a crime

of violence, in violation of 18 U.S.C. § 924(o).  Section 924(o) is described by the United States

as a "standalone offense, distinct from [18 U.S.C. § 924(c)]."  (Mem. Supp. Mot. Dismiss 16,

Dkt. No. 439.)  The provision criminalizes a *conspiracy* to violate § 924(c), though, and

§ 924(c), in turn, criminalizes using, carrying, or possessing a firearm with the requisite

connection to a crime of violence.

In his motion, Keller argues that his § 924(o) conviction is a conspiracy offense and not a

crime a violence.  (Am. § 2255 Mot. 12–13.)  This is true, but irrelevant.  It does not matter

whether conspiracy itself is a crime of violence; what matters is whether any required predicate

is a crime of violence.

Moreover—and consistent with the inchoate nature of conspiracy crimes—a conviction

under § 924(o) will stand so long as there was an agreement to commit a violation of § 924(c), regardless of whether such a violation actually occurs.  Thus, it appears to the court that there need not be an underlying crime of violence that actually occurs to sustain the conspiracy conviction.  *See United States v. Wiley*, No. 1:19cr529-1, 2021 WL 1060207, at *2 (W.D.N.C. Mar. 19, 2021) (noting that while there is "limited published Fourth Circuit case law on the scope of § 924(o), a successful conviction, consistent with the nature of conspiracy crimes, does not require the defendant to be convicted of, charged with, or even shown to have completed the predicate crime") (citing *United States v. Johnson*, 820 F. App'x 199, 204 (4th Cir. 2020)), *appeal argued*, No. 21-4458 (4th Cir. Sept. 19, 2021)).

But the United States argues—and Keller seems to agree—that for the § 924(o) conviction to be valid, there must be an underlying crime of violence.  Even if the parties are correct, the second superseding indictment lists four potential predicate crimes of violence in support of Count 2—those charged in Counts 1, 3, 7, and 9.[11]  (Dkt. No. 107).  "For purposes of [its] brief only," the United States concedes that Counts 1 and 3 cannot be considered predicate crimes.  (Mot. Dismiss 16.)  However, for the reasons already discussed above, both Count 7 and Count 9 are crimes of violence, and either one could support the conviction in Count 2.  Thus, Count 2 has a valid predicate crime of violence, if one is needed.

The court will not vacate Keller's conviction or sentence in Count 2.

### 6.  Count 1

Lastly, turning to Count 1, the parties disagree as to whether it even requires a predicate crime of violence.  The charge is conspiracy to commit interstate domestic violence, in violation of 18 U.S.C. § 371.  The elements of this offense are: "(1) an unlawful agreement between two

---

[11]  The superseding indictment also refers to Count 11 as a potential predicate, but Count 11 was dismissed as part of the plea bargain.  Regardless, it is same underlying offense as Count 9 (just with a different victim).

or more people to commit a crime; (2) that the defendant knowingly and willingly participated in that conspiratorial endeavor; and (3) an overt act committed in furtherance of the conspiracy." *United States v. Daley*, 378 F. Supp. 3d 539, 561 (W.D. Va. 2019), *aff'd sub nom United States v. Miselis*, 972 F.3d 518 (4th Cir. 2020).  The United States argues that the elements of this offense do not include a reference to a crime of violence, and accordingly, "whether Count 1 is valid does not depend on whether or not Interstate Domestic Violence is a crime of violence." (Mot. Dismiss 18.)

Keller responds that one of § 371's elements is "an unlawful agreement between two or more people to commit a crime" and that the crime referenced is Count 7's "interstate domestic violence resulting in death."  He further contends that *that* offense, criminalized under § 2261(a)(1) and 2261(b)(1), requires a crime of violence.

Assuming, without deciding, that a predicate crime of violence is required for Keller's § 371 conviction, the court already has concluded that Keller's convictions under §§ 2261(a)(1) and 2261(b)(1) are crimes of violence.  *See supra* Section II-D-2-b.

Accordingly, Keller's conviction under Count 1 remains valid, even after *Davis*.

## E.  Certificate of Appealability

When issuing a final order adverse to the § 2255 movant, the court must issue or deny a certificate of appealability.  *See* Fed. R. Gov. § 2255 Proc. 11(a).  A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The petitioner meets this threshold when they "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

When a district court dismisses a § 2255 motion on procedural grounds, a certificate of appealability will not issue unless the movant can demonstrate both that (1) jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right; and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court declines to issue a certificate of appealability because Keller has not demonstrated that reasonable jurists would find it debatable that the motion states a valid claim of the denial of a constitutional right or that the court was correct in any procedural rulings.[12]

### III. CONCLUSION

For the reasons above, the court denies Keller's § 2255 motion and grants the government's motion to dismiss. The court declines to grant a certificate of appealability. The court will issue an appropriate order.

Entered: November 17, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[12] Regarding Count 9, the court acknowledges that district courts in other circuits might disagree on the outcome, as other circuits differ from the Fourth Circuit on whether §1111(a) is a divisible statute. *See United States v. Nguyen*, 155 F.3d 1219, 1229 (10th Cir. 1998). But Fourth Circuit precedent is clearly resolved against Keller on this issue, and this court is bound to apply it. Thus, reasonable jurists could not disagree with this court's resolution of Keller's claims, which is controlled by Fourth Circuit law.